IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONES EAGLE LLC**                                                                                 **PLAINTIFF**

v.                          **Case No. 4:24-cv-00990-KGB**

**WES WARD, in his official capacity
as Secretary of the Arkansas Department of Agriculture,** *et al.*      **DEFENDANTS**

### NOTICE OF PRELIMINARY INJUNCTION ORDER

Before the Court are two pending motions. First, there is a motion for temporary restraining order and preliminary injunction filed by plaintiff Jones Eagle, LLC ("Jones Eagle") (Dkt. No. 7). Jones Eagle requests that the Court enjoin defendants Wes Ward ("Secretary Ward"), in his official capacity as Secretary of the Arkansas Department of Agriculture, Tim Griffin ("Attorney General Griffin"), in his official capacity as Attorney General of Arkansas, and the State of Arkansas (collectively "Defendants"), from enforcing Arkansas Act 636 of 2023 ("Act 636"), Arkansas Code Annotated §§ 18-11-110 and 18-11-801, *et seq.*, and Arkansas Act 174 of 2024 ("Act 174"), Arkansas Code Annotated § 14-1-606. Second, there is a motion to dismiss filed by Defendants (Dkt. No. 16).

For reasons set forth in a Sealed Preliminary Injunction Order, the Court grants Jones Eagle's request for a preliminary injunction (Dkt. No. 7) and denies Defendants' motion to dismiss (Dkt. No. 16).

With this filing, the Court gives notice that the parties in this action jointly proposed a Protective Order, which the Court entered (Dkt. No. 31). Pursuant to that Protective Order and the parties' agreement, at the December 4, 2024, hearing on the motion for preliminary injunction, the Court received and admitted testimony and evidence under seal. Because certain testimony and evidence admitted under seal provides the basis for the Court's ruling on the pending motions, the

Court seals its Order.  The Court will confer with all counsel and parties to release a redacted version of the Sealed Preliminary Injunction Order that redacts the sealed portions of the record but makes public all other portions of the Order.

I. **Background**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  On November 21, 2024, the Court held a hearing on the pending motion for temporary restraining order and preliminary injunction at which counsel for all parties were present.  Although the November 21, 2024, hearing was adversarial rather than *ex parte*, the Court concluded that it was not the sort of adversarial hearing that included an opportunity to present sufficient evidence, testimony, and argument so as to allow the basis of the relief requested to be strongly challenged.  Therefore, the Court considered only Jones Eagle's request for a temporary restraining order at that time.  On the basis of evidence and arguments presented at the November 21, 2024, hearing, the Court issued a temporary restraining order on November 25, 2024, enjoining Defendants, and all those acting in concert with them, from enforcing any provision of Act 636 or Act 174 against Jones Eagle or its principal Qimin "Jimmy" Chen within the time permitted by Federal Rule of Civil Procedure 65(b)(2) (Dkt. No. 20).

On December 4, 2024, the Court held a contested evidentiary hearing on Jones Eagle's request for a preliminary injunction and Defendants' motion to dismiss at which counsel for all parties were present.  The parties presented evidence and arguments at the hearing, and the issues have been fully briefed.  The pending motions are ripe for adjudication.

II. **Notice Of Ruling**

To summarize its ruling, as to the pending motion to dismiss, the Court finds that Jones Eagle has suffered a sufficient injury in fact so as to challenge Acts 636 and 174.  The dispute is

ripe for review.  The Court also does not find abstention to be appropriate.  For these reasons, the Court denies Defendants' motion to dismiss (Dkt. No. 16).

As to the pending motion for preliminary injunction, district courts in the Eighth Circuit must consider four factors in deciding whether to grant a preliminary injunction:

> (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest.

*Wilbur-Ellis Co., LLC v. Erikson*, 103 F.4th 1352, 1355–56 (8th Cir. 2024) (quoting *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013)).  Given controlling law and the preliminary nature of the record, the Court considers only Jones Eagle's as-applied challenge to Acts 636 and 174 at this time.  The Court finds that Jones Eagle's suit is proper under the *Ex Parte Young*, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity and rejects Defendants' argument on this point.

As to the merits, Jones Eagle argues that Acts 636 and 174 run afoul of both foreign affairs conflict preemption and field preemption (Dkt. No. 27, at 8–19).[1]  For the reasons set forth in its Sealed Preliminary Injunction Order, the Court finds that Jones Eagle is likely to prevail on its conflict preemption claim with respect to both Acts 636 and 174.  The Court also sets forth the reasons the Court finds that Jones Eagle is likely to succeed on its field preemption claim under the foreign affairs doctrine with respect to both Acts 636 and 174.  Because the Court determines that Jones Eagle is likely to prevail on its federal preemption claims, the Court, in accordance with

---

[1] Although Jones Eagle does not invoke the foreign affairs doctrine by name, its conflict and field preemption arguments rely almost entirely on the body of Supreme Court case law associated with the doctrine (*See* Dkt. Nos. 8, at 27–36; 27, at 4–19).  The Court therefore examines the preemption issues raised by Jones Eagle under the rubric of the foreign affairs doctrine.

the long-established judicial policy of avoiding premature adjudication of constitutional claims, declines to make any ruling on Jones Eagle's other constitutional claims at this time.

With regard to the threat of irreparable harm, Jones Eagle has been publicly targeted by name and subjected to investigation by Defendants for almost a year. Jones Eagle faces irreparable harm from the public investigation and threatened enforcement actions under Acts 636 and 174 in the form of damage to reputation and goodwill. *See Rogers Grp., Inc. v. City of Fayetteville, Ark.*, 629 F.3d 784, 789–90 (8th Cir. 2010) (finding loss of goodwill among customers sufficient to establish a threat of irreparable harm) (citing *Med. Shoppe Int'l, Inc. v. S.B.S. Bill Dr., Inc.*, 336 F.3d 801, 805 (8th Cir. 2003)). Moreover, Jones Eagle and its principal Mr. Chen risk imprisonment, fines, and judicial foreclosure. Jones Eagle has shown that it is likely to sustain irreparable harm absent entry of the preliminary injunction.

The Court determines that the remaining factors of the analysis tip in favor of Jones Eagle, and the Court declines to order that security be provided based on its review of the record and given that Defendants make no request for security.

For all of the reasons set out in the Sealed Preliminary Injunction Order and this notice, the Court enjoins defendant Secretary Ward and defendant Attorney General Griffin, and all those acting in concert with them, from enforcing any provision of Act 636 or Act 174 against Jones Eagle until further Order from this Court.

It is so ordered this 9th day of December, 2024.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge