IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JONES EAGLE, LLC *f/k/a*
JONES DIGITAL, LLC                                                                            PLAINTIFF

v.                              CASE NO. 4:24-CV-990-KGB

WES WARD, in his official capacity
as Secretary of the Arkansas Department of
Agriculture; TIM GRIFFIN, in his official capacity
as the Attorney General of Arkansas; and STATE
OF ARKANSAS                                                                                    DEFENDANTS

## DEFENDANTS' ANSWER TO COMPLAINT

Come now Separate Defendants Wes Ward, in his official capacity as Secretary of the Arkansas Department of Agriculture, Tim Griffin, in his official capacity as the Attorney General of Arkansas, and the State of Arkansas, and for their Answer to Plaintiff's Complaint, state:

1. They acknowledge Plaintiff's Complaint seeks injunctive and declaratory relief against Defendants based on their belief of an "imminently threatened enforcement" of Act 636 of 2023 ("Act 636") and Act 174 of 2024 ("Act 174"), which they alleged are unconstitutional. They deny the Acts are unconstitutional and that Plaintiff is entitled to the requested relief. Any remaining allegations in paragraph 1 are denied.

2. They deny the allegations in paragraphs 2, 3, 4, 5, 6, 7, and 8.

3. In response to paragraphs 9 and 10, they admit that jurisdiction and venue are proper as to Secretary Ward and Attorney General Griffin. They deny this Court has jurisdiction over the State of Arkansas, which should be dismissed pursuant to the Eleventh Amendment.

4. Based upon documents produced by Jones Eagle, they admit paragraph 11.

5.	They deny that the Department of Agriculture and Secretary Ward have any role or responsibility, whether individual or supervisory, under Act 174. They admit the remaining allegations in paragraph 12.

6.	They admit paragraph 13.

7.	They deny that the State of Arkansas is a political subdivision of the United States as pled in paragraph 14. Pleading affirmatively, they deny that the State of Arkansas is a proper defendant, and therefore, they move to dismiss Defendant State of Arkansas pursuant to the Eleventh Amendment and the doctrine of sovereign immunity.

8.	They acknowledge Plaintiff brings federal claims for prospective injunctive relief and declaratory judgment against all Defendants under U.S. Const., amend. V and XIV; Fed. R. Civ. P. 57; 28 U.S.C. §§ 2201 and 2202; 42 U.S.C. §§ 1981 and 1983, and *Ex parte Young*, 209 U.S. 123 (1908). However, they deny Plaintiff is entitled to the requested relief. Any remaining allegations in paragraph 15 are denied.

9.	They acknowledge Plaintiff brings its taking claim for damages against the State of Arkansas. They deny Plaintiff is entitled to any damages under this claim. Any remaining allegations in paragraph 16 are denied.

10.	The statements in paragraphs 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 are not factual assertions or legal claims, but rather descriptive language, opinions, and background information of Plaintiff. Defendants deny that these statements are relevant and maintain the Acts and actions of Defendants were constitutional and do not violate any federal or state law. Therefore, the allegations in paragraphs 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 are denied.

11.	They admit that the Arkansas Constitution provides that "[n]o distinction shall ever be made by law, between resident aliens and citizens, in regard to the possession, enjoyment or

descent of property." Ark. Const. Art. 2, § 20. Pleading affirmatively, they deny that Act 636 and Act 174 are unconstitutional. Any remaining allegations in paragraph 18 are denied.

12. They deny that Arkansas has no compelling state interest in protecting the land within its boundaries and deny that Acts 636 and 174 discriminate based on race, alienage, and national origin with respect to property rights. Any remaining allegations in paragraph 19 are denied.

13. Based upon documents produced by Jones Eagle, they admit paragraph 31.

14. Based upon documents produced by Jones Eagle and testimony of Mr. Chen, they admit that Plaintiff has taken actions to and is operating a digital asset mining business in Arkansas. They deny that any expenses for operating its regulated business entitle Plaintiff to the relief requested. Any remaining allegations in paragraph 32 are denied.

15. Defendants are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations set forth in paragraphs 33 and 34 because they have been prohibited from investigating the applicability of Acts 636 and Acts 174. Therefore, they can neither admit nor deny said allegations.

16. They deny the allegations in paragraphs 35, 36, 37, and 38.

17. Based upon documentation produced by Plaintiff and testimony of Mr. Chen, Defendants admit that Mr. Chen is an American citizen. Defendants are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations regarding ownership and control over Jones Eagle and its members, as set forth in paragraph 39. This is because they have been prohibited from investigating the applicability of Acts 636 and Acts 174. Therefore, they can neither admit nor deny said allegations.

18. They deny the allegations in paragraph 43.

19. They deny that Plaintiff is entitled to the relief requested, and therefore, deny the allegations in paragraph 44.

20. They admit paragraph 45.

21. They admit that Senator Blake Johnson was the lead sponsor of SB 383, and state that there were many co-sponsors of the bill. Any remaining allegations in paragraph 46 are denied.

22. They admit that among the statements made by Senator Johnson regarding Act 636 was that it applied to ITAR nations. Any remaining allegations in paragraph 47 are denied.

23. They deny that Senator Johnson's statements demonstrate or make clear that the "real" purpose of Act 636 was to discriminate against persons believed to be Chinese, or any other person. Any remaining allegations in paragraphs 48 are denied.

24. They admit that Senator Johnson mentioned a "balloon" in his statement, which was a reference to a Chinese high-altitude surveillance balloon that was shot down by the U.S. Air Force off the coast of South Carolina on February 4, 2023. Any remaining allegations in paragraph 49 are denied.

25. They admit the Arkansas Senate Agriculture, Forestry, and Economic Development Committee passed SB 383 by voice vote to be submitted for consideration on the floor of the Arkansas Senate. Any remaining allegations in paragraph 50 are denied.

26. They admit paragraph 51.

27. They admit that during his floor speech, Senator Johnson spoke on the bill and talked about the ITAR countries and Chinese high-altitude surveillance balloon. Any remaining allegations in paragraph 52 are denied.

28. They admit that the Arkansas Senate passed SB 383, which was transmitted to the Arkansas House of Representatives. Any remaining allegations in paragraph 53 are denied.

29. They admit paragraphs 54, 55, 56, and 57.

30. They admit that parties who are found to be in violation of Act 636 can be subject to criminal and civil penalties. Any remaining allegations in paragraph 58 are denied.

31. They admit that Act 636 criminalizes ownership of agricultural land by a "prohibited foreign party," which is defined in the Act. They deny that it is facially discriminatory in any respect and as-applied to Plaintiff. Any remaining allegations in paragraph 59 are denied.

32. They deny paragraph 60.

33. They admit that Act 636 prohibits any prohibited foreign party, as defined in the law, from holding significant interest or substantial control in agricultural land. They admit that the Act applies to corporations, limited liabilities companies, governments, individuals, and other organizations. Any remaining allegations in paragraph 61 are denied

34. They admit paragraphs 62, 63, and 64.

35. They deny paragraph 65.

36. They deny that a standard of "reasonable suspicion" applies under the Act. Any remaining allegations in paragraph 66 are denied.

37. They deny paragraphs 67 and 68.

38. They admit that Act 636 considers as a defense those who may be resident aliens of the State of Arkansas. They deny that this provision facially discriminates against resident aliens outside Arkansas. Any remaining allegations in paragraph 69 are denied.

39. They deny paragraphs 70 and 71.

40. They admit paragraph 72.

41. They admit among the comments of Senators Bryant and Irvin at the committee were statements regarding prohibited foreign ownership. Any remaining allegations in paragraph 73.

42. It is admitted that among the concerns of the General Assembly leading up to Act 174 was that data asset mining companies are controlled in whole or in part by the government of the People's Republic of China. Any remaining allegations in paragraph 74 are denied.

43. They admit paragraphs 75 and 76.

44. They deny paragraph 77.

45. They admit that among the statements made by Senator Bryant was concern about foreign ownership. Any remaining allegations in paragraphs 78, 79, and 80 are denied.

46. They admit among the statements made on the Senate floor was a comment by Senator King regarding foreign ownership in the context of Pearl Harbor. Any remaining allegations in paragraphs 81 and 82 are denied.

47. They admit paragraphs 84, 85, and 86.

48. They deny paragraph 87.

49. They admit that Act 174 defines "prohibited foreign party," including in part ITAR countries. Any remaining allegations in paragraph 88 are denied.

50. They deny paragraphs 89, 90, and 91.

51. They admit paragraph 92.

52. They admit Act 174 sets for the process for judicial foreclosure. Any remaining allegations in paragraph 93 are denied.

53. They deny paragraphs 94, 95, and 96.

54. They admit that 4811 S. Zero Street, LLC complied with the Attorney General's investigation and provided documentation demonstrating that it was not in violation of Act 636.

55. They admit that Pei-Te Lin is the only individual listed as an officer of 4811 S. Zero Street, LLC on the Arkansas Secretary of State's website. They deny that this was the basis for the investigation into the foreign ownership of the company. Any remaining allegations in paragraph 98 are denied.

56. They deny that the Attorney General is required to publicly disclose the basis for investigation under Act 636. They deny that a reasonable-suspicion standard applies to this type of investigation. Any remaining allegations in paragraph 99 are denied.

57. They admit Taiwan, officially the Republic of China, is not listed on the ITAR.

58. They admit that the Attorney General investigated Risever Machinery LLC under authority granted to him by Act 636. They admit that Risever had contacts with Arkansas through a former administration and before the passage of Acts 636 and 174. Any remaining allegations in paragraphs 101.

59. They admit paragraphs 102 and 103 reflect in part some of the information contained in the Talk Business & Politics article dated October 23, 2019. Any remaining allegations in paragraphs 102 and 103 are denied.

60. They admit paragraph 104.

61. They admit the press release contains, among other things, the statement reflected in paragraphs 105, 106, and 107. Any remaining allegations in paragraphs 105, 106, and 107 are denied.

62. They deny paragraph 108.

63. They admit paragraph 109.

64.     Defendants are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations set forth in paragraphs 110 and 111 because Plaintiff has not provided sufficient documents and they have been prohibited from investigating the applicability of Acts 636 and Acts 174 further. Therefore, they can neither admit nor deny said allegations.

65.     They deny paragraphs 112 and 113.

66.     They deny that sufficient documentation has been provided to show whether the property at issue meets the statutory definition of "agricultural land" under Act 636. Any remaining allegations in paragraphs 114, 115, and 116 are denied.

67.     They deny paragraph 117.

68.     Defendants are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations set forth in paragraphs 118 and 119 because they have been prohibited from investigating the applicability of Acts 636 and Acts 174. Therefore, they can neither admit nor deny said allegations.

69.     Based upon documentation provided by Plaintiff and Mr. Chen's testimony, they admit paragraph 121.

70.     They deny paragraphs 122, 123, and 124.

71.     The statements in paragraphs 125, 126, 127, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 134, 141, 142, 143, and 144 are not factual assertions or legal claims, but rather descriptive language, opinions, and background information of Plaintiff. Defendants deny that these statements are relevant and maintain the Acts and actions of Defendants were constitutional and do not violate any federal or state law. Therefore, the allegations in paragraphs 125, 126, 127, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 134, 141, 142, 143, and 144 are denied.

72. They deny paragraph 128.

73. They admit that the federal government occupies fields of foreign affairs, foreign investment, national security, and there intersection thereof under certain circumstances. They deny that Acts 636 and 174 are preempted in any respect by any federal law. Any remaining allegations in paragraph 145 are denied.

74. They deny paragraph 146.

75. The statements in paragraphs 147, 148, 149, 155, and 156 are not factual assertions or legal claims, but rather descriptive language, opinions, and background information of Plaintiff. Defendants deny that these statements are relevant and maintain the Acts and actions of Defendants were constitutional and do not violate any federal or state law. Therefore, the allegations in paragraphs 147, 148, 149, 155, and 156 are denied.

76. They deny paragraphs 150, 151, 152, 153, 154, 157, 158, 160, 161, 162, and 163.

77. They admit that no action to enforce Act 636 nor Act 174 against Plaintiff has been commenced. They deny the implication of imminence given their failure to comply with the investigation. Any remaining allegations in paragraph 159 are denied.

78. The statements in paragraphs 164, 165, 166, and 172 are not factual assertions or legal claims, but rather descriptive language, opinions, and background information of Plaintiff. Defendants deny that these statements are relevant and maintain the Acts and actions of Defendants were constitutional and do not violate any federal or state law. Therefore, the allegations in paragraphs 164, 165, 166, and 172 are denied.

79. They deny paragraphs 167, 168, including all subparts thereto, 169, 170, and 171.

80. They deny paragraphs 173, 174, 175, and 176.

81. The statements in paragraphs 177, 178, 180, and 181 are not factual assertions or legal claims, but rather descriptive language, opinions, and background information of Plaintiff. Defendants deny that these statements are relevant and maintain the Acts and actions of Defendants were constitutional and do not violate any federal or state law. Therefore, the allegations in paragraphs 177, 178, 180, and 181 are denied.

82. They deny paragraphs 179, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, and 194.

83. The statements in paragraphs 195 and 196 are not factual assertions or legal claims, but rather descriptive language, opinions, and background information of Plaintiff. Defendants deny that these statements are relevant and maintain the Acts and actions of Defendants were constitutional and do not violate any federal or state law. Therefore, the allegations in paragraphs 195 and 196 are denied.

84. They deny that Plaintiff is entitled to a claim under the takings clause, and therefore, deny paragraph 197.

85. They are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations set forth in paragraph 198 of the Complaint, and therefore can neither admit nor deny said allegations.

86. They deny paragraphs 199, 200, 201, 202, 203, and 204.

87. They deny that Acts 636 and 174, and the enforcement thereof, are unconstitutional, and therefore, deny the relief requested in the WHEREFORE clause, including subparts A, B, C, D, E, F, G, H, and I.

## **AFFIRMATIVE DEFENSES**

1. Pleading affirmatively, Defendant Secretary Ward states that there was insufficiency of process and, therefore, the Complaint as against him must be dismissed pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure.

2. Pleading affirmatively, Defendant Secretary Ward states that there was insufficiency of service of process and, therefore, the Complaint as against him must be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

3. Pleading affirmatively, these Defendants are entitled to sovereign immunity against all monetary damages in their official capacity.

4. Pleading affirmatively, these Defendants state Plaintiff has failed to state a claim upon which relief may be granted and therefore the Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5. Pleading affirmatively, they assert lack of standing and move for dismissal of this action.

6. Pleading affirmatively, Defendant State of Arkansas asserts lack of subject matter jurisdiction pursuant to the Eleventh Amendment and moves for dismissal of this action.

7. Pleading affirmatively, they assert that this Court should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine and move for dismissal of this action. *See Younger v. Harris*, 401 U.S. 37 (1971).

8. These Defendants deny separately and specifically each and every material allegation of the Complaint (Doc. 1) not herein admitted.

9. They reserve the right to amend this answer and to assert additional defenses and affirmative defenses that discovery may reveal to be appropriate.

WHEREFORE, Separate Defendants Wes Ward, in his official capacity as Secretary of the Arkansas Department of Agriculture, Tim Griffin, in his official capacity as the Attorney General of Arkansas, and the State of Arkansas respectfully request that this Court dismiss the claims against them in this lawsuit and for all other just and proper relief to which they may be entitled.

December 23, 2024                    Respectfully submitted,

                                     TIM GRIFFIN
                                     Attorney General


                            By:      Jordan Broyles
                                     Ark. Bar No. 2015156
                                     Senior Assistant Attorney General

                                     Ryan Hale
                                     Ark. Bar No. 2024310
                                     Senior Assistant Attorney General

                                     Office of the Arkansas Attorney General
                                     323 Center Street, Suite 200
                                     Little Rock, AR 72201
                                     Phone: (501) 682-9482
                                     Fax: (501) 682-2591
                                     Email: jordan.broyles@arkansasag.gov
                                     Email: ryan.hale@arkansasag.gov

                                     *Counsel for Defendants*