IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONES EAGLE, LLC** *f/k/a*　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**JONES DIGITAL, LLC**

v.　　　　　　　　　　　**CASE NO.: 4:24-CV-00990-KGB**

**WES WARD**, in his official capacity as the Secretary of the　　　　**DEFENDANTS**
Arkansas Department of Agriculture; **TIM GRIFFIN** in his
official capacity as the Attorney General of Arkansas; and
**STATE OF ARKANSAS**

## MOTION TO STAY OR EXTEND DEADLINE FOR FEE PETITION

Plaintiff Jones Eagle, LLC ("Jones Eagle") moves for an order to stay or extend the deadline to bring its fee petition as a potentially prevailing party under 42 U.S.C. § 1988(b). Good cause warrants a stay or extension of any operative deadline pending appellate review. For its motion, Jones Eagle states:

1.　Jones Eagle commenced this action on November 13, 2024. Dkt. No. 1.

2.　Jones Eagle's complaint requests the award of its reasonable attorneys' fees, costs, and expenses. *Id.*, at 32.

3.　If Jones Eagle is ultimately the prevailing party in this action, then it may be entitled to recover its attorneys' fees, costs, and expenses under 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d).

4.　On December 9, 2024, the Court issued a preliminary injunction order, subject to certain agreed redactions pursuant to the confidentiality protective order in place at the parties' joint request. Dkt. No. 39; *see also* Dkt. No. 31.

5.　Under Eighth Circuit precedent, "a preliminary injunction can in some instances carry the judicial imprimatur required […] to convey prevailing party status." *Rogers Grp., Inc. v. City of Fayetteville*, 683 F.3d 903, 909-10 (8th Cir. 2012).

6. Under Eighth Circuit precedent, a preliminary injunction order can under some circumstances suffice as a "judgment" for purposes of Fed. R. Civ. P. 54(d)(2)(B). *See Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 853 (8th Cir. 2021) (citing Fed. R. Civ. P. 54(a)).

7. However, the "tentative character" of a preliminary injunction "sometimes renders a fee request at that initial stage premature." *Spirit Lake Tribe*, 5 F.4th at 855 (quoting *Sole v. Wyner*, 551 U.S. 74, 83-84 (2007)).

8. Under Fed. R. Civ. P. 54(d)(2)(B), the Court has discretion to address a motion for attorneys' fees at an appropriate time after the "tentative character" of the preliminary injunction has been conclusively resolved. *See id.*, at 855 (affirming award of attorneys' fees where fee petition was filed 20 months after entry of preliminary injunction order).

9. On January 7, 2025, Defendants filed notice of appeal in this docket. Dkt. No. 44.

10. That appeal is now pending before the U.S. Court of Appeals for the Eighth Circuit as *Jones Eagle, LLC v. Ward et al.*, 25-1047.

11. The eventual resolution of that appeal may determine whether Jones Eagle is a prevailing party in this action under 42 U.S.C. § 1988, with respect to the Court's preliminary injunction order of December 9, 2024.

12. Accordingly, Jones Eagle moves for an order to stay any deadline for a fee petition until 14 days after resolution of the pending appeal in *Jones Eagle, LLC v. Ward et al.*, 25-1047. *See* Fed. R. Civ. P. 6(b)(1)(B); 54(d)(2)(B).

13. The Court should find that good cause warrants a stay of any fee petition in this action pending resolution of the pending appeal.

14. There is no risk of prejudice to Defendants, which have timely docketed an appeal of the Court's preliminary injunction order.[1]

15. Thus, any notice-giving function under Rule 54 has less importance than in *Spirit Lake Tribe*, where the defendant did not appeal the preliminary injunction order. *See* 5 F.4th at 852.

16. Any delay in this matter is *de minimis* in comparison to the 20-month delay in *Spirit Lake Tribe*, and therefore amounts to at most excusable neglect.

17. In the light of the pending appeal, any fee petition at this stage would be speculative and tentative, given the interlocutory nature of the preliminary injunction order.

18. And a stay of filing a fee petition would promote judicial economy and prevent the potential waste of judicial resources. *See Spirit Lake Tribe*, 5 F.4th at 854-855 ("Relevant considerations include the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith.").

19. Accordingly, good cause warrants this relief under Fed. R. Civ. P. 6(b)(1)(B).

WHEREFORE, plaintiff Jones Eagle, LLC requests that the Court grant its motion to stay or extend any deadline to file a fee petition under Fed. R. Civ. P. 54(d)(2) to either: (1) 14 days after resolution of the pending appeal in *Jones Eagle, LLC v. Ward et al.*, 25-1047; (2) 14 days after final judgment in this action; or (3) an appropriate date to be determined in the Court's exercise of discretion.

---

[1] On November 26, 2024, Defendants stated their intent to appeal this Court's rulings even before the Court had held a hearing on Jones Eagle's motion for preliminary injunction, which took place on December 4, 2024. *See* Ex. 1, Defendants' Post on X of Nov. 26, 2024.

Dated:  January 16, 2025                                    Respectfully submitted,

                                                                Frederick H. Davis, Ark. Bar No. 2012271
Alexander T. Jones, Ark. Bar No. 2015246
KUTAK ROCK LLP
124 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3740
Telephone: (501) 975-3000
Facsimile: (501) 975-3001
frederick.davis@kutakrock.com
alex.jones@kutakrock.com

Robert S. Chang*
Executive Director
Fred T. Korematsu Center for Law and Equality
UC Irvine School of Law
401 E. Peltason Drive, Suite 1000
Irvine, CA 92697-8000
Telephone: (949) 824-3034
rchang@law.uci.edu

Paul L. Hoffman*
Director of the Civil Rights Litigation Clinic
UC Irvine School of Law
401 E. Peltason Drive, Suite 1000
Irvine, CA 92697-8000
Telephone: (310) 717-7373
hoffpaul@aol.com

*Attorneys for Plaintiff Jones Eagle, LLC*

*\* Admitted Pro Hac Vice*