IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **JONES EAGLE, LLC f/k/a** | | |
| **JONES DIGITAL, LLC** | | **PLAINTIFF** |
| | | |
| **v.** | **CASE NO. 4:24-cv-00990-KGB** | |
| | | |
| **WES WARD, in his official capacity as the** | | |
| **Secretary of the Arkansas Department of** | | |
| **Agriculture; TIM GRIFFIN, in his official** | | |
| **capacity as the Attorney General of Arkansas;** | | |
| **and STATE OF ARKANSAS** | | **DEFENDANTS** |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY OR EXTEND DEADLINE FOR FEE PETITION

Rule 54 of the Federal Rules of Civil Procedure provides that a claim for attorney's fees must be made by motion. Fed. R. Civ. P. 54(d)(2)(A). That rule further provides that the motion must "be filed no later than 14 days after the entry of judgment," unless a statute or a court order provides otherwise. Fed. R. Civ. P. 54(d)(2)(B)(i). Here, the Court entered its preliminary injunction order on December 9, 2024. Redacted Prelim. Inj. Order, ECF No. 39. If Jones Eagle sought recovery of its attorney's fees, it was required to file its motion for attorney's fees by December 23, 2024.[1] Jones Eagle, however, never filed a motion for attorney's fees. Instead, on January 16, 2025—weeks after the 14-day deadline had passed—Jones Eagle filed a motion asking for a stay or extension of the Rule 54 deadline. But critically, Jones Eagle offers no explanation for its lengthy delay or its failure to comply with Rule 54. Because Jones Eagle has offered no explanation to establish excusable neglect, the Court should deny Jones Eagle's Motion to Stay or

---

[1] The 14-day deadline fell on Sunday, December 22, 2024. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), that deadline was extended to the next day that the Clerk's office was open—December 23, 2024.

Extend Deadline for Fee Petition. *See* Pl.'s Mot. to Stay or Extend Deadline for Fee Pet., ECF No. 48.

## ARGUMENT

Rule 54 of the Federal Rules of Civil Procedure provides that a claim for attorney's fees must be made by motion. Fed. R. Civ. P. 54(d)(2)(A). That rule further provides that the motion must "be filed no later than 14 days after the entry of judgment," unless a statute or a court order provides otherwise. Fed. R. Civ. P. 54(d)(2)(B)(i). The Eighth Circuit in *Spirit Lake Tribe v. Jaeger* outlined the relevant rules and considerations that a court must consider when a would-be fee applicant misses Rule 54's 14-day deadline. 5 F.4th 849 (8th Cir. 2021). The Court first noted that "[t]he plain language of Rule 54 means that an order granting a preliminary injunction is a 'judgment' that triggers the deadline to move for attorney's fees." *Id*. at 853. Yet the Court further noted that "a fee request at the preliminary injunction stage will be premature in some instances." *Id*. And in this case, that is what Jones Eagle has argued. *See* Pl.'s Mot. to Stay or Extend Deadline for Fee Pet., ECF No. 48, at 2 (noting the "tentative character" of the Court's preliminary injunction order). Jones Eagle suggests that it would have been premature to file a motion for attorney's fees until it had been conclusively determined whether Jones Eagle is the prevailing party in this case. *Id*. at 2. But under these circumstances, *Spirit Lake Tribe* teaches that the correct approach is to file the Rule 54 motion anyway, even if it is premature:

> Even if a request for an award of fees would be premature in a particular case, however, a plaintiff can still file an appropriate motion and comply with the time limit of Rule 54. Such a motion would specify the order granting a preliminary injunction as the judgment, and would identify the injunction as the grounds entitling the plaintiff to the award, because the injunction could ripen into a ruling that makes the plaintiff a "prevailing party." If the district court deems the motion premature, then the court has discretion to defer a ruling on the motion, or to dismiss the motion without prejudice and order a new deadline for filing.

*Spirit Lake Tribe*, 5 F.4th at 854.

Jones Eagle failed to file a motion for attorney's fees within 14 days of the entry of the preliminary injunction order. Accordingly, Jones Eagle failed to comply with Rule 54 and waived recovery of its attorney's fees, costs, and expenses.

Nonetheless, Jones Eagle asks the Court to extend or stay the deadline to file its fee petition because its failure to meet the Rule 54 deadline was the result of "excusable neglect." *See* Pl.'s Mot. to Stay or Extend Deadline for Fee Pet., ECF No. 48 at 3. Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" on a party's motion "after the time has expired if the party failed to act because of excusable neglect." Whether a party's neglect of a deadline is excusable "is at bottom an equitable" inquiry. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Relevant considerations include the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith. *Id*.

Apparently in support of its excusable neglect argument, Jones Eagle contends that "[i]n the light of the pending appeal, any fee petition at this stage would be speculative and tentative, given the interlocutory nature of the preliminary injunction order." Pl.'s Mot. to Stay or Extend Deadline for Fee Pet., ECF No. 48 at 3. And quoting *Spirit Lake Tribe*, Jones Eagle also notes that the "tentative character" of a preliminary injunction "sometimes renders a fee request at that initial stage premature." *Id*. at 2. But *Spirit Lake Tribe*—which was decided in 2021—put Jones Eagle on notice that despite the "tentative character" of a preliminary injunction, it was still required to file its fee petition within 14 days of the Court's preliminary injunction order. Indeed, the present case is distinguishable from another case decided by this Court that presented the same issue. In that case, this Court found "excusable neglect" where the "plaintiffs did not have the benefit of the

3

*Spirit Lake Tribe* decision when the Court entered its preliminary injunction order." *Libertarian Party of Arkansas v. Thurston*, No. 4:19-CV-00214-KGB, 2023 WL 6391714, at *4 (E.D. Ark. Sept. 29, 2023), judgment entered, No. 4:19-CV-00214-KGB, 2023 WL 6392672 (E.D. Ark. Sept. 29, 2023). Here, Jones Eagle *did* have the benefit of *Spirit Lake Tribe*. And apart from generally noting the "tentative character" of a preliminary injunction, Jones Eagle has provided the Court with no reason or explanation for its delay.

## CONCLUSION

The Court should deny Jones Eagle's Motion to Stay or Extend Deadline for Fee Petition.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:  Ryan Hale
Ark. Bar No. 2024310
Senior Assistant Attorney General

Jordan Broyles
Ark. Bar No. 2015156
Senior Assistant Attorney General

Dylan L. Jacobs
Ark. Bar No. 2016167
Interim Solicitor General

Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 295-7419
(501) 682-2591 fax
ryan.hale@arkansasag.gov

*Attorneys for Defendants*