IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONES EAGLE, LLC**                                                                    **PLAINTIFFS**

**VS.**                                  **NO. 4:24-cv-990-KGB**

**WES WARD, et al.**                                                    **DEFENDANT**

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SUBPOENA RESPONSES**

**I.     INTRODUCTION**

On April 4, 2025, plaintiff Jones Eagle, LLC ("Jones Eagle") served subpoenas duces tecum on recipients Lawrence Bengal, Kesia Morrison, and Daniel Pilkington ("Recipients") pursuant to Fed. R. Civ. P. 45(a)(1)(D).[1] Recipients' counsel Mr. Trey Cooper, accepted service on their behalf. Ex. 4, Email Correspondence of April 4, 2025. The subpoenas command production of certain documents, as enumerated in the corresponding Schedule A attached to each subpoena. The subpoena duces tecum set the compliance deadline of April 10, 2025, at 5:00 p.m. CT.

Jones Eagle has received no documents in response to any of these subpoenas. The time for compliance has lapsed. Recipients' failure to comply with the subpoenas threatens prejudice to Jones Eagle. A preliminary injunction hearing, directly involving Jones Eagle, the plaintiff in this action, is set to begin April 11, 2025, at 2:00 p.m. Absent enforcement of these subpoenas, Jones Eagle risks irreparable harm. Therefore, Jones Eagle requests an order compelling their production under Fed. R. Civ. P. 45(d)(2)(B)(i).

---

[1] Copies of the subpoenas and each Schedule A are attached as Exhibits 1-3. Also attached as Exhibit 4 is the email correspondence wherein Mr. Cooper accepted service of the relevant subpoenas.

## II. LEGAL STANDARD

Jones Eagle is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

A party may issue a subpoena duces tecum to command a person to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D).

An objection to a subpoena "must be served before the earlier of the time specified in compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). An untimely objection is waived. *See, e.g.*, *Ford v. Glutality Provider Group, P.A.*, 2025 WL 52850, 1 (W.D. Mo. Jan. 8, 2025) (objection to subpoena waived where not timely raised); *Terraform Labs Pte. Ltd. v. RH Montgomery Props, Inc.*, 2024 WL 21472, 1 (E.D. Mo. Jan. 2, 2024) (same). "A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(c)(1)(A).

"A subpoena is a lawfully issued mandate of the court" and "[i]t is the responsibility of every citizen to respond to this mandate." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1972) (citing *United States v. Bryan*, 339 U.S. 323 (1950)). "[I]t is within the court's power to force that response." *Id.* "At any time, on notice to the commanded person, the serving

2

party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "The court for the district where compliance is required […] may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

### III. DISCUSSION

Jones Eagle's subpoenas should be enforced. Recipients have failed to provide any documents in response to the subpoenas. The time to comply has passed. Recipients have sought no relief in this action. Thus, Recipients should be compelled to produce the materials. Fed. R. Civ. P. 45(d)(2)(B)(i).

Jones Eagle risks irreparable harm if these documents are not produced and obtained prior to a preliminary injunction hearing in a related case, *Arkansas Cryptomining Association v. Bengal et al.*, E.D. Ark. Case No. 4:25-CV-234-KGB to begin at 2:00 p.m. on April 11, 2025. As such, Jones Eagle respectfully requests that this Court issue an order to enforce the subpoenas to command Recipients to produce all responsive documents in their possession by 10:00 a.m. on April 11, 2025.

Jones Eagle risks substantial prejudice from Recipients' noncompliance. Accordingly, Jones Eagle respectfully requests that the Court expedite its consideration of this motion as promptly as possible. *See* Fed. R. Civ. P. 6(c)(1)(C). Jones Eagle requests that the Court direct defendants in this action or any other interested party to file any response by 9:00 a.m. on April 11, 2025.

On March 21, 2025, the parties stated in their Joint Rule 26(f) Report that "Plaintiffs will seek discovery regarding compliance with the Court's temporary restraining order and preliminary

injunction in effect in this action by persons so bound under Fed. R. Civ. P. 65(d)(2)." Dkt. No. 59, at 1. These subpoenas seek that very discovery, and the Court should enforce them.

Jones Eagle is providing notice to Recipients through their counsel which accepted service of them on their behalf. As to the party-defendants in this action, they lack standing to assail these subpoenas duces tecum. However, to the extent they wish to respond to this motion, Jones Eagle requests that the Court enter a text-order directing them to do so no later than 9:00 a.m. on April 11, 2025.

### IV.    CONCLUSION

For the foregoing reasons, plaintiff Jones Eagle, LLC requests that the Court enter an order enforcing subpoenas issued in this action compelling production of documents by non-parties Lawrence Bengal, Kesia Morrison, and Daniel Pilkington by 10:00 a.m. on April 11, 2025. Jones Eagle requests that the Court enter a text-order directing any response to this motion be filed no later than 9:00 a.m. on April 11, 2025.

*Respectfully submitted,*

Frederick H. Davis, Ark. Bar No. 2012271
Alexander T. Jones, Ark. Bar No. 2015246
McKenzie L. Raub, Ark. Bar No. 2019142
KUTAK ROCK LLP
124 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3740
Telephone: (501) 975-3000
Facsimile: (501) 975-3001
frederick.davis@kutakrock.com
alex.jones@kutakrock.com
mckenzie.raub@kutakrock.com

Robert S. Chang*
Executive Director
Fred T. Korematsu Center for Law and Equality
UC Irvine School of Law
401 E. Peltason Drive, Suite 1000
Irvine, CA 92697-8000
Telephone: (949) 824-3034
rchang@law.uci.edu

Paul L. Hoffman*
Director of the Civil Rights Litigation Clinic
UC Irvine School of Law
401 E. Peltason Drive, Suite 1000
Irvine, CA 92697-8000
Telephone: (310) 717-7373
hoffpaul@aol.com

*Attorneys for Plaintiff Jones Eagle, LLC*
*\* Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, service of the foregoing was made on non-parties Lawrence Bengal, Kesia Morrison, and Dan Pilkington pursuant to Fed. R. Civ. P. 5(b)(2)(C) by email delivery to Mr. Trey Cooper, who accepted service of these subpoenas on their behalf on April 4, 2025.

                                               */s/ Alexander T. Jones*_____
                                               Alexander T. Jones