IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONES EAGLE LLC**                                                                                    **PLAINTIFF**

v.                                    Case No. 4:24-cv-00990-KGB

**WES WARD, in his official capacity**
**as Secretary of the Arkansas Department of Agriculture,** *et al.*        **DEFENDANTS**

## ORDER

Before the Court is plaintiff Jones Eagle, LLC's ("Jones Eagle") motion to stay or extend deadline for fee petition (Dkt. No. 48). Defendants Wes Ward ("Secretary Ward"), in his official capacity as the Secretary of the Arkansas Department of Agriculture, Tim Griffin ("Attorney General Griffin"), in his official capacity as the Attorney General of Arkansas, and the State of Arkansas (collectively "Defendants") filed a response in opposition to the motion (Dkt. No. 49), and Jones Eagle replied (Dkt. No. 53). For the following reasons, the Court grants the motion (Dkt. No. 48). The Court stays the deadline to file a motion for attorney's fees until 14 days after entry of final judgment in this action.

**I.     Background**

On November 13, 2024, Jones Eagle filed its complaint praying that the Court enter judgment in its favor and declare Arkansas Act 636 of 2023 ("Act 636"), Arkansas Code Annotated §§ 18-11-110 and 18-11-801 *et seq.*, and Arkansas Act 174 of 2024 ("Act 174"), Arkansas Code Annotated § 14-1-606, unconstitutional and preliminarily and permanently enjoin Defendants from implementing and enforcing Acts 636 and 174 against Jones Eagle (Dkt. No. 1, at 31–32). Jones Eagle's complaint also prays that the Court order Defendants to destroy all records obtained concerning Jones Eagle, award Jones Eagle attorney's fees and costs, and all other just and proper relief (*Id.*, at 32). On November 19, 2024, Jones Eagle filed a motion for temporary restraining

order and preliminary injunction (Dkt. No. 7).  On November 25, 2024, the Court entered an Order granting Jones Eagle's request for a temporary restraining order and enjoined Defendants, and all those acting in concert with them, from enforcing any provision of Act 636 or Act 174 against Jones Eagle or its principal, Jimmy Chen, within the time permitted by Rule 65(b)(2) (Dkt. No. 20).  On December 9, 2024, after a contested evidentiary hearing at which both sides presented evidence and argument, the Court entered a sealed preliminary injunction Order in favor of Jones Eagle and a notice of preliminary injunction Order (Dkt. Nos. 35–36).  The Court enjoined defendants Secretary Ward and Attorney General Griffin, and all those acting in concert with them, from enforcing any provision of Act 636 or Act 174 against Jones Eagle until further Order from this Court (Dkt. No. 36, at 4).  The Court also entered a redacted preliminary injunction Order (Dkt. No. 39).  On January 16, 2025, Jones Eagle filed the instant motion to stay or extend deadline for fee petition (Dkt. No. 48).

**II.    Discussion**

Jones Eagle moves to stay or extend the deadline for filing a fee petition as a potentially prevailing party under 42 U.S.C. § 1988(b) and Federal Rule of Civil Procedure 54(d) (Dkt. No. 48, ¶ 3).  Jones Eagle argues that the resolution of the appeal now pending before the United States Court of Appeals for the Eighth Circuit as *Jones Eagle, LLC v. Ward et al.*, Case No. 25-1047, may determine if Jones Eagle will be a prevailing party in this action (*Id.*).  The Court does not understand Jones Eagle to take any position as to whether entry of the Court's sealed preliminary injunction Order triggered the filing deadline for a motion for attorney's fees under Federal Rule of Civil Procedure 54(d) (*Id.*, ¶ 12).

In their response in opposition to the motion to stay or extend deadline for fee petition, Defendants argue that the Court should not stay or extend the deadline for filing a fee petition

2

because: (1) a preliminary injunction is a judgment that requires the prevailing party to move for attorney's fees within 14 days of the order; (2) Jones Eagle was required to file this motion or its motion for attorney's fees by December 23, 2024, and failed to do so; and (3) Jones Eagle "offered no explanation to establish excusable neglect" (Dkt. No. 49, at 1–3).  In its reply, Jones Eagle argues that any delay was the result of excusable neglect because: (1) Defendants have not asserted any prejudice from delay; (2) the maximum delay here is only 22 days, which includes three separate federal holidays; (3) the reason for delay is due to extensive briefing in a parallel state court action; and (4) Defendants' opposition brief failed to show that Jones Eagle acted in bad faith (Dkt. No. 53, at 2–3).

Unless a statute or court order provides otherwise, a motion for attorney's fees must be filed no later than 14 days after the entry of a judgment.  Fed. R. Civ. P. 54(d)(2)(B).  The Eighth Circuit has concluded that "an order granting a preliminary injunction constitutes an 'entry of judgment' triggering the fourteen-day deadline to move for attorney's fees under Federal Rule of Civil Procedure 54."  *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 853 (8th Cir. 2021).  Thus, in this case, the 14-day deadline for Jones Eagle to file a Rule 54 motion was triggered by entry of the Court's sealed preliminary injunction Order on December 9, 2024 (Dkt. No. 35).[1]  Jones Eagle's

---

[1] The Court notes that the Eighth Circuit's reasoning in *Spirit Lake Tribe* appears to have been undercut, at least in part, by the Supreme Court's recent decision in *Lackey v. Stinnie*, 145 S. Ct. 659 (2025). In *Spirit Lake Tribe*, the Eighth Circuit emphasized that "a preliminary injunction can in some instances carry the judicial imprimatur required . . . to convey prevailing party status." 5 F.4th at 854 (alteration in original) (quoting *Rogers Grp., Inc. v. City of Fayetteville*, 683 F.3d 903, 909–10 (8th Cir. 2012)). However, in *Lackey*, the Supreme Court held that preliminary injunctions categorically do not confer prevailing party status under 42 U.S.C. § 1988(b). 145 S. Ct. at 671. In so holding, the *Lackey* Court emphasized that "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held" and that preliminary injunctions "do not conclusively resolve the rights of parties on the merits." *Id.* at 667 (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). However, because the Eighth Circuit's holding in *Spirit Lake Tribe* was fundamentally grounded in the text

3

instant motion to stay or extend the deadline by which to file a fee petition, filed on January 16, 2025, is thus untimely. However, the Court finds that Jones Eagle's delay is the result of excusable neglect.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." A district court may thus extend the time for filing a motion for attorney's fees if the prevailing party's "untimely action was the result of excusable neglect." *Spirit Lake Tribe*, 5 F.4th at 854. "Whether a party's neglect of a deadline is excusable is "at bottom an equitable inquiry." *Id*. (internal quotation mark omitted) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Relevant considerations include the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Id*.

First, with respect to prejudice, Defendants have not asserted any prejudice due to Jones Eagle's delay in filing its motion. This factor weighs in favor of Jones Eagle. Second, with respect to the length of the delay, the Court finds that a three-week delay is not excessive in this case and would not substantially impact the progression of this matter. *See Lighthouse Baptist Church, Inc. v. Chemung Cnty.*, Case No. 6:20-cv-07000-EAW, 2022 WL 4290725, at *10 (W.D.N.Y. Sept. 16, 2022) (finding a "two-month delay between the entry of the injunction and filing of the fee application was not substantial"). This factor weighs in favor of Jones Eagle. Third, with respect to the reason for delay, Jones Eagle represents, and the Court has no reason to doubt, that the parties were engaged in extensive briefing in a parallel state court proceeding during the period

---

of Rule 54 rather than the existence of prevailing party status, *see* 5 F.4th at 853, this Court is not prepared to conclude in this Order that *Lackey* abrogated *Spirit Lake Tribe*.

4

following the entry of the sealed preliminary injunction Order (Dkt. No. 53, at 3). The third factor weighs in favor of Jones Eagle. Finally, with respect to the good faith of the filing party, there is no evidence that Jones Eagle acted in bad faith. This factor thus also weighs in favor of Jones Eagle. The Court therefore concludes that the balance of the equities weighs in favor of excusing the delay.

For these reasons, the Court concludes that Jones Eagle's failure to comply with Rule 54's filing deadline was the result of excusable neglect, and the Court grants the motion to stay or extend deadline for fee petition (Dkt. No. 48).

### III. Conclusion

For the foregoing reasons, the Court grants Jones Eagle's motion (Dkt. No. 48). The Court stays the deadline to file a motion for attorney's fees until 14 days after entry of final judgment in this action.

It is so ordered this 22nd day of April, 2025.

Kristine G. Baker
Chief United States District Judge