IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONES EAGLE, LLC**                                                                                          **PLAINTIFF**

v.                                    CASE NO.: 4:24-CV-00990-KGB

**WES WARD, in his official capacity as the Secretary of the**                    **DEFENDANTS**
**Arkansas Department of Agriculture; TIM GRIFFIN in his**
**official capacity as the Attorney General of Arkansas; and**
**STATE OF ARKANSAS**

### PLAINTIFF JONES EAGLE, LLC'S MOTION TO COMPEL
### DEFENDANTS' DISCLOSURES AND DISCOVERY PRODUCTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, plaintiff Jones Eagle, LLC ("Jones Eagle") moves for an order compelling defendants Arkansas Attorney General Tim Griffin ("the Attorney General") and Secretary of the Arkansas Department of Agriculture Wes Ward ("Secretary Ward") (jointly, "Defendants") to make complete disclosures and discovery production. In support, Jones Eagle states:

1. Jones Eagle has the right to develop evidence in support of its claims in this action through civil discovery. Fed. R. Civ. P. 26(b)(1).

2. However, Defendants are obstructing Jones Eagle's ability to develop evidence it needs to support its claims.

3. The Attorney General and Secretary Ward claim various privileges allow them to refuse to produce hundreds of pages of responsive materials.

4. The Attorney General and Defendants claim various privileges allow them to refuse to give complete answers to Jones Eagle's interrogatories.

5. Jones Eagle has substantial need for the discovery and will suffer prejudice if denied access to the information and materials which Defendants refuse to divulge.

6. Defendants' privilege assertions are groundless, and the Court should overrule them to order complete document production and complete answers to interrogatories.

7. The Court should overrule Defendants' non-privilege objections, some of which were untimely asserted and therefore waived.

8. Defendants' failure to meet the substance of Jones Eagle's discovery requests are failures to disclose, answer, and respond to the requests.

9. Defendants' privilege logs violate Rule 26(b)(5)(a) and fail to list responsive communications which Jones Eagle had to obtain via third-party discovery.

10. To safeguard the trial schedule and ensure Defendants' compliance with their discovery obligations, Jones Eagle requests that the Court expedite consideration of this motion.

11. Additionally, Jones Eagle requests that the Court schedule a prompt hearing to ensure the Court exercises control and scheduling of discovery. Fed. R. Civ. P. 16(c)(2)(F).

12. Such a hearing would allow Jones Eagle to address any belated explanations offered by Defendants for their failure to comply with the broad, liberal, and self-effectuating process of civil discovery. *Cave v. Thurston*, 2021 WL 4936185, 1 (E.D. Ark. Oct. 22, 2021).

13. Jones Eagle has conferred extensively with Defendants in good faith on the specific issues in dispute, and the parties are not able to resolve their disagreements without the intervention of the Court. Fed. R. Civ. P. 37(a)(1); Local Rule 7.2(g).

14. Jones Eagle requests that the Court award its expenses incurred in bringing this motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

15. Jones Eagle requests all other relief to which it is entitled.

16. Jones Eagle submits an accompanying memorandum brief in support of this motion. Local Rule 7.2(a).

17.     Additionally, Jones Eagle submits the following exhibits in support of this motion:

Exhibit 1: Attorney General's Letter and Supplemental Responses of October 14, 2025;
Exhibit 2: Email Correspondence of October 27, 2025;
Exhibit 3: Attorney General's Revised Privilege Log of October 14, 2025;
Exhibit 4: Attorney General's Discovery Responses of September 29, 2025;
Exhibit 5: Jones Eagle's Letter of September 30, 2025;
Exhibit 6: Secretary Ward's Discovery Responses of October 20, 2025;
Exhibit 7: Secretary Ward's Privilege Log of October 20, 2025;
Exhibit 8: Attorney General's Letter and Subpoena to Sharp County Title;
Exhibit 9: Screenshots of Text Messages between Deputy AG Benton and Ron Burnett;
Exhibit 10: Attorney General's Letter and Subpoena to Matt Reynolds;
Exhibit 11: Email Correspondence Between Ron Burnett and State Rep. Bart Schulz; and
Exhibit 12: Text Message Correspondence between Rep. Schulz and Matt Reynolds.

***

WHEREFORE, plaintiff Jones Eagle, LLC requests that the Court enter an order (1) granting its motion to compel defendants' disclosures and discovery production; (2) setting a prompt hearing to ensure the Court exercises control and scheduling of discovery; (3) awarding Jones Eagle its expenses incurred in bringing this motion; and (4) all other relief to which Jones Eagle is entitled.

Dated: November 5, 2025

*Respectfully submitted*,

Frederick H. Davis
Alexander T. Jones
McKenzie L. Raub
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3740
Telephone: (501) 975-3000
Facsimile: (501) 975-3001
frederick.davis@kutakrock.com
alex.jones@kutakrock.com
mckenzie.raub@kutakrock.com

Peyton C. Watts
KUTAK ROCK LLP
1277 East Joyce Boulevard, Suite 300
Fayetteville, AR 72703
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
peyton.watts@kutakrock.com

Robert S. Chang*
Shaleen Shanbhag*
Fred T. Korematsu Center for Law and Equality
UC Irvine School of Law
401 E. Peltason Drive, Suite 1000
Irvine, CA 92697-8000
Telephone: (949) 824-3034
rchang@law.uci.edu
sshanbhag@law.uci.edu

Paul L. Hoffman*
Director of the Civil Rights Litigation Clinic
UC Irvine School of Law
401 E. Peltason Drive, Suite 1000
Irvine, CA 92697-8000
Telephone: (310) 717-7373
hoffpaul@aol.com

*Attorneys for Plaintiff Jones Eagle, LLC*
**Admitted Pro Hac Vice*