EXHIBIT
4

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JONES EAGLE, LLC** *f/k/a*                                                    **PLAINTIFF**
**JONES DIGITAL, LLC**

**CASE NO.: 4:24-CV-00990-KGB**

                                                                                        **DEFENDANT**
**WES WARD, in his official capacity as
the Secretary of the Arkansas
Department of Agriculture; TIM
GRIFFIN in his official capacity as the
Attorney General of Arkansas; and
STATE OF ARKANSAS**

## DEFENDANT TIM GRIFFIN'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Come now Defendant Tim Griffin, in his official capacity, for his Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and states:

### INTERROGATORIES

**INTERROGATORY NO. 1**: Please list the name, address, telephone number, and email address of each person who has supplied any information to prepare your responses to these interrogatories and requests for production.

**RESPONSE:**

(1) Alexandra Benton, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, alexandra.benton@arkansasag.gov

(2) Walter Mahone, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, walter.mahone@arkansasag.gov

**INTERROGATORY NO. 2**: Please identify each person involved in all investigations of potential violations of Act 636 and Act 174 conducted by the Arkansas Attorney General's Office ("Attorney General"; "Office"; "your Office"), and all persons acting in concert with your Office,

1

including each person's name, address, telephone number, email address, job title, employer, and job duties up to the date of service of your answers to these interrogatories.

RESPONSE:

(1) Alexandra Benton, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, alexandra.benton@arkansasag.gov, Deputy Attorney General and Director of Intergovernmental Affairs. Deputy Attorney General Benton no longer works on investigations under Act 636 and Act 174.

(2) Walter Mahone, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, walter.mahone@arkansasag.gov, Deputy Chief of Special Investigations. Walter Mahone handled the investigations under Act 636 and Act 174 after Deputy Alexandra Benton concluded her participation in the investigations.

(3) Robbi Riggs. Robbi Riggs is no longer employed at the Attorney General's Office.

(4) Ryan Owsley, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, ryano.owsley@arkansasag.gov, Chief Deputy Attorney General. Ryan Owsley supervised investigations under Act 636 and Act 174.

(5) Zach Mayo, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, zach.mayo@arkansasag.gov

(6) Doralee Chandler, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, doralee.chandler@arkansasag.gov

(7) Bob Brooks. Bob Brooks has passed away.

(8) Tim Griffin, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, oag@arkansasag.gov

(9) Wayne Bewley, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, wayne.bewley@arkansasag.gov

(10)   Barrett Dudley, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, barrett.dudley@arkansasag.gov

(11)   Jeanna Sherrill, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, Jeanna.sherrill@arkansasag.gov

<u>INTERROGATORY NO. 3</u>: Please identify each person employed by your Office, and all persons acting in concert with your Office, involved in conducting all investigations of Jones Eagle undertaken by your Office, pursuant to Act 636 and Act 174, including each person's name, address, telephone number, email address, job title, employer, and job duties.

<u>RESPONSE:</u> See response to Interrogatory No. 2.

<u>INTERROGATORY NO. 4</u>: Please identify each person not employed by your Office but who otherwise participated in your Office's investigation of Jones Eagle pursuant to Act 636 and Act 174, including each person's name, address, telephone number, email address, job title, employer, and job duties.

<u>RESPONSE:</u>

(1) Justin Smith, 1 Natural Resources Drive, Little Rock, AR 72205, (501) 225-1598, justin.smith@agriculture.arkansas.gov, Law Enforcement Deputy Chief. Deputy Smith assisted Deputy Mahone in investigations under Act 636 and Act 174.

(2) Billy Black, 1 Natural Resources Drive, Little Rock, AR 72205, (501) 225-1598, billy.black@agriculture.arkansas.gov, Law Enforcement Chief. Deputy Black assisted Deputy Mahone in investigations under Act 636 and Act 174

(3) Wes Ward, 1 Natural Resources Drive, Little Rock, AR 72205, wes.ward@agriculture.arkansas.gov, (501) 225-1598Secretary of Agriculture. Secretary Ward referred cases to the Arkansas Attorney General's Office for further investigation under Act 636.

(4) Alexander Jones, 124 West Capitol Avenue, Suite 2000, Little Rock, AR 72201, 501-975-3001, alex.jones@kutakrock.com

<u>INTERROGATORY NO. 5</u>: Please identify each legal person, to include each natural person, legal entity, and any other group of such persons, whom your Office has investigated for potential violations of Act 636 and Act 174, since January 1, 2022, and state the name, address, telephone number, and email address, of each person or representative of such person, with whom your Office has communicated.

<u>RESPONSE:</u> Defendant Tim Griffin objects to the identification of legal persons or entities in which the Arkansas Attorney General has open investigations under Act 636 and Act 174 (subject to the court's preliminary injunction order) that have not been publicly disclosed under both investigatory privilege and deliberative process privilege. These investigations are not considered completed investigations. The Attorney General's office has an important interest in these investigations remaining confidential until a final determination has been made. Any information or identification related to these open investigations is deliberative and predecisional. Accordingly, Defendant Tim Griffin asserts that identification of legal persons related to these open investigations is privileged. Additionally, Defendant Tim Griffin objects to Interrogatory No. 5 on relevance grounds because the information requested is not relevant to Plaintiff's claims concerning the constitutionality of Act 636 and Act 174. Subject to and without waiving the foregoing objections, Defendant Tim Griffin provides the following entities which he has investigated for potential violations of Act 636 and Act 174, since January 1, 2022:

- Syngenta Seeds LLC and Northrup King Seed Co.

    o Todd Barlow, Lead State Affairs at Syngenta, LLC, 2001 Butterfield Road, Ste. 1600, Downers Grove, Illinois 60515, todd.barlow@syngenta.com

- Risever Machinery, LLC, 160 Greentree Dr. Suite 101, Dover, Delaware 19904

- o Asa Hutchinson, Asa Hutchinson Law Group PLC, 910 SE 21st St., Bentonville, AR 72712, 479-878-1600, ahutchinson@ahlawgroup.com

- 4811 S. Zero Street, LLC, 4811 S. Zero St, Fort Smith, AR 72903
  - o Dustin McDaniel, 1207 W. 4th Street, Little Rock, AR 72201, 501-404-4010, DMcDaniel@cozen.com
  - o Ketan Bhirud, 1200 19th Street NW, Washington, D.C. 200036, 202-280-6531, KBhirud@cozen.com

- Jones Eagle, LLC, formerly known as Jones Digital, LLC
  - o Alexander Jones, 124 West Capitol Avenue, Suite 2000, Little Rock, AR 72201, 501-975-3001, alex.jones@kutakrock.com

INTERROGATORY NO. 6: Please state your knowledge and belief of the race, national origin, and citizenship status of each person you identified in your answer to Interrogatory No. 5, and state in detail the factual basis for that knowledge and belief.

RESPONSE: Under Ark. Code Ann. § 18-11-110, the Attorney General is tasked with investigating referrals made to him by the Department of Agriculture to determine whether the suspected entities are owned by prohibited foreign parties. A prohibited foreign party means "[a] citizen or resident of a country subject to International Traffic in Arms Regulations . . . unless the person is also a citizen of the United States." *Id.* § 18-11-802(6)(A). This only requires investigation into whether an entity is "created or organized under the laws of a foreign government within a country subject to International Traffic in Arms Regulation," *see* Ark. Code. Ann. § 18-11-802(6)(C), or an entity "in which a significant interest or substantial control is directly or indirectly held by a prohibited foreign party," *id.* at § 18-11-802(6)(D). Accordingly, the Attorney General's Office need only determine the citizenship status of the legal entities and their owners and therefore lacks sufficient knowledge to respond as to the race or national origin

of those who possessed ownership interests in the entities that were investigated. Accordingly, Defendant Tim Griffin provides the following knowledge as to the citizenship status of the following entities:

- Syngenta Seeds, LLC: People's Republic of China (China). The investigation revealed that the land in question was owned by Northrup King Seed Co., a subsidiary of Syngenta Seeds LLC, which was ultimately owned by China National Chemical Co. (ChemChina), a state-owned enterprise.

- Risever Machinery LLC: The investigation revealed that the land in question was within city limits, owned by the City of Jonesboro, Arkansas, and leased to Risever, LLC. Accordingly, no inquiry into the citizenship status of Risever Machinery LLC was necessary to determine compliance with Act 636.

- 4811 S. Zero Street, LLC: Republic of China (Taiwan). The investigation revealed that 4811 S. Zero Street LLC was not owned by or controlled by any prohibited foreign party-controlled business or government. The owners were Taiwanese citizens and/or American citizens.

- Jones Eagle, LLC, previously known as Jones Digital, LLC: Unknown. The Attorney General has not been able to fully investigate or determine the citizenship status of Jones Eagle, LLC and its related entities, and therefore cannot provide a responsive answer to Interrogatory No. 6 as it relates to Jones Eagle, LLC. To the extent that this interrogatory seeks for Defendant Tim Griffin to disclose his preliminary findings or deliberations as to Jones's Eagle's citizenship, he objects on investigatory privilege grounds. Although paused to be in compliance with the preliminary injunction order, the investigation into Jones Eagle's compliance with Act 636 and 174 remains open.

INTERROGATORY NO. 7: Please state the case caption of each civil and criminal action

your Office has commenced under Ark. Code Ann. § 14-1-606(e)(B) and/or Ark. Code Ann. § 18-11-804(d)(1), as of the date of service of your answers to these interrogatories.

RESPONSE: The Attorney General's office has not commenced any civil or criminal actions under Ark. Code Ann. § 14-1-606(e)(B) and/or Ark. Code Ann. § 18- 11-804(d)(1) as of the date of service of Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production.

INTERROGATORY NO. 8: Please identify the source, date of receipt, and monetary amount of all proceeds collected by your Office, and all persons acting in concert with your Office, pursuant to any authorities you have under Act 636 or 174, to include all settlement proceeds, civil and criminal penalties, which you have or might have levied against each person you have found or believe to have violated Act 636 or Act 174 since January 1, 2022.

RESPONSE: The Attorney Generals' Office has not collected any settlement proceeds, civil or criminal penalties, or any other monetary proceeds under its authority under Act 636 or Act 174. Under Ark. Code Ann. § 2-3-111(b)(1), the Attorney General's office imposed a fine of $280,000 against Syngenta Seeds, LLC on October 17, 2023, for failure to report its foreign ownership of agricultural land to the Secretary of the Arkansas Department of Agriculture.

INTERROGATORY NO. 9: Please state with specificity the factual basis for your investigation of Jones Eagle for potential violations of Act 636 and Act 174, including, but not limited to:

      a.     Why you decided to investigate Jones Eagle;

      b.     Who made the ultimate decision to investigate Jones Eagle;

      c.     The date and time on which you received each complaint about Jones Eagle, pursuant to Act 636 or Act 174, to include all complaints of any character, whether formal or informal;

      d.      The identity of each person who made each complaint about Jones Eagle pursuant to either Act 636 or Act 174, whether formal or informal; and

      e.      The method by which your Office received communication of each such complaint (*e.g.*, interbranch governmental referral; formal letter; facsimile transmission; telephone communication; email correspondence; text message communication; in-person meeting).

<u>RESPONSE:</u> Objection. Defendant Tim Griffin objects to this request because it requires the production of information that is protected under investigatory privilege. Although paused to be in compliance with the preliminary injunction order, the investigation into Jones Eagle's compliance with Act 636 and 174 remains open. The Attorney General's office has an interest in these investigations remaining confidential. Any information or identification related to these open investigations is deliberative and predecisional. Accordingly, the Attorney General's Office is not obligated to disclose confidential information relating to its open investigation into Jones Eagle's compliance with Act 636 and Act 174. To do so would compromise the integrity of its investigation, any possible criminal prosecution under the statute, and deter the predecisional process involved in deciding whether to bring criminal charges under Act 636 or 174 against Jones Eagle. It also seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

     Subject to and without waiving these objections, Defendant Tim Griffin provides the following response:

     Under Ark. Code Ann. § 14-1-606(d), the Attorney General is authorized to conduct an investigation "[u]pon request of a person or upon receipt of information that leads the Attorney General to believe that a violation of this subsection may exist." On or about October 19, 2023, the Attorney General received a phone call from Representative Jeremiah Moore to investigate

Jones Digital, LLC's compliance with Act 636 and Act 174. On or about December 10, 2023, the Attorney General's Office received a formal request via letter from the Department of Agriculture to conduct an investigation into whether Jones Eagle, formerly known as Jones Digital, was in compliance with Act 636 and Act 147. The authority and the decision to investigate under Ark. Code Ann. § 18-11-804 and Ark. Code Ann. § 14-1-606 is vested with the Attorney General. The Attorney General's office determined that an investigation was required to determine compliance, and it initiated one under its authority in Ark. Code Ann. § 14-1-606(d).

INTERROGATORY NO. 10: Please state whether your Office has conducted any analysis or investigation into whether its investigative practices under Act 636 and Act 174 have a disparate impact on any protected groups, and if so, state the findings of each such analysis.

RESPONSE: The Attorney General's office has not conducted any such investigation or analysis.

INTERROGATORY NO. 11: Please identify each person with whom your Office has met in-person about its investigation into Jones Eagle under Act 636 and Act 174 and state the approximate date and time of each such in-person meeting.

RESPONSE: Defendant Tim Griffin objects to this request for information because it encompasses information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant Tim Griffin offers the following response: Our office did not conduct any formal or calendared in-person meetings in relation to Jones Eagle's compliance with Act 636 and Act 174 outside of internal and informal personnel meetings, of which approximate dates and times are unknown.

INTERROGATORY NO. 12: Please state the date and number of complaints your Office has received for potential violations of Act 636 and/or Act 174, the identity of each subject of each complaint, and identify whether you have investigated to or intend to investigate the subject of

each such complaint.

RESPONSE: Objection. This request seeks information protected under the deliberative process privilege and investigatory privilege. There are investigations under Act 636 and Act 174 that are not considered completed investigations, and in the case of Jones Eagle, the investigation has been paused pursuant to the preliminary injunction order. The Attorney General's office has an important interest in these investigations remaining confidential until a final determination has been made. Any information or identification related to these open investigations is deliberative and predecisional. Accordingly, Defendant Tim Griffin asserts that identification of complaints related to these open investigations is privileged. Subject to and without waiving these objections, Defendant Tim Griffin offers the following response regarding investigations that have been publicly referred to our office: The Attorney General's Office has received three official letters from the Department of Agriculture requesting an investigation under Act 636 and/or 174.

- Department of Agriculture Letter regarding 4811 Zero Street LLC on July 23, 2024. The Attorney General's Office investigated 4811 Zero Street LLC for compliance under Act 636 and found that it was not owned by a prohibited foreign party as defined under Arkansas law.

- Department of Agriculture Letter regarding Risever LLC received on December 11, 2023. The Attorney General's Office investigated Risever for compliance under Act 636 and found that Risever LLC leased the property in question from the City of Fort Smith and the property was within city limits, and therefore, there was no violation of Act 636.

- Representative Jeremiah Moore's Request for an Investigation and the Department of Agriculture Letter regarding Jones Digital LLC on December 11, 2023. The Attorney General's office was investigating Jones Eagle but has been enjoined from continuing

its investigation pursuant to this Court's entry of a preliminary injunction order in this case.

INTERROGATORY NO. 13: Please identify the name, address, telephone number, and email address of each person from your Office, and all persons acting in concert with your Office, who was involved in the subpoena duces tecum issued by Deputy Attorney General Alexandra C. Benton ("Deputy Attorney General Benton") to Sharp County Title, Inc. on February 28, 2024, which was entered into evidence as Plaintiff's Exhibit 45 at the preliminary injunction hearing held December 4, 2024.

RESPONSE:

(1) Alexandra Benton, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, alexandra.benton@arkansasag.gov

(2) Robbi Riggs. Robbi is no longer employed with the Arkansas Attorney General.

(3) Walter Mahone, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, walter.mahone@arkansasag.gov

(4) Tim Griffin, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, oag@arkansasag.gov

(5) Zach Mayo, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, zach.mayo@arkansasag.gov

(6) Wayne Bewley, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, wayne.bewley@arkansasag.gov

(7) Barrett Dudley, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, barrett.dudley@arkansasag.gov

(8) Jeanna Sherrill, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, Jeanna.sherrill@arkansasag.gov

INTERROGATORY NO. 14: Please state all reasons why Deputy Attorney General Benton issued the subpoena duces tecum to Sharp County Title, Inc. on February 28, 2024, which was entered into evidence as Plaintiff's Exhibit 45 at the preliminary injunction hearing held December 4, 2024.

RESPONSE: Defendant objects to this request to the extent that it seeks information protected under attorney client privilege and attorney work product. Subject to and without waiving these objections, Defendant Tim Griffin offers the following response: Under Ark. Code Ann. § 14-1-606(d), the Attorney General's Office is entitled to issue subpoenas to compel the production of records and other documents in the course of its investigation. Representative Bart Schultz notified the Attorney General's office of a suspicious transaction in Sharp County that may implicate Act 636. The Attorney General's Office drafted and sent a subpoena to Sharp County Title. Attorney General Benton did not know of any connection to Jones Eagle, previously Jones Digital, prior to issuing the subpoena.

INTERROGATORY NO. 15: Please identify the name, address, telephone number, and email address, of each person who had actual or constructive knowledge that Deputy Attorney General Benton would issue the subpoena duces tecum to Sharp County Title, Inc. on February 28, 2024, which was entered into evidence as Plaintiff's Exhibit 45 at the preliminary injunction hearing held December 4, 2024, before that subpoena duces tecum was delivered via email transmission to Cristina Donahoe of Sharp County Title, Inc. at cristina@sharpcountytitle.net.

RESPONSE:

(1) Alexandra Benton, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, alexandra.benton@arkansasag.gov

(2) Robbi Riggs. Robbi is no longer employed with the Arkansas Attorney General.

(3) Walter Mahone, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007,

walter.mahone@arkansasag.gov

(4) Tim Griffin, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, oag@arkansasag.gov

(5) Zach Mayo, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, zach.mayo@arkansasag.gov

(6) Wayne Bewley, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, wayne.bewley@arkansasag.gov

(7) Barrett Dudley, 101 W. Capitol Avenue, Little Rock, AR 72201, 501-682-2007, barrett.dudley@arkansasag.gov

(8) Representative Bart Schultz, 500 Woodlane St. Suite 350, Little Rock, AR 72201, 870-613-1940, info@bartschulz.com

(9) Cristina Donahoe, 680 Ash Flat Drive, P.O. Box 478, Ash Flat, AR 72513, 870-994-2111, cristina@sharpcountytitle.net

INTERROGATORY NO. 16: Please identify the name, address, telephone number, and email address, of each recipient of each subpoena duces tecum issued by your Office regarding, referring to, or relating to investigations pursuant to Act 636 or Act 174 since January 1, 2022.

RESPONSE:

(1) Sharp County Title, Inc., 680 Ash Flat Drive, Ash Flat, AR 72513, cristina@sharpcountytitle.net, phone number unknown.

(2) Jones Digital, LLC, 8 The Green Ste. A, Dover, DE 19901, phone number and email address unknown.

(3) Rosie's Farm, LLC, 901 N. University Ave., Little Rock, AR 72207, phone number and email address unknown.

(4) Solar Development Group, LLC, 16192 Coastal Highway, Lewes, DE 19958, phone

number and email address unknown.

INTERROGATORY NO. 17: Please identify the name, address, telephone number, and email address of each person with whom your Office, and all persons acting in concert with your Office, communicated about the Act 636 referral against Jones Eagle, LLC made by defendant Arkansas Secretary of Agriculture Wes Ward to your Office on or about December 11, 2023, as entered into evidence as Plaintiff's Exhibits 23 and 24 at the preliminary injunction hearing held December 4, 2024.

RESPONSE:

(1) Wes Ward, 1 Natural Resources Drive, Little Rock, AR 72205, 501-219-6368, wes.ward@agriculture.arkansas.gov

(2) Justin Smith, 1 Natural Resources Drive, Little Rock, AR 72205, 501-219-6368, justin.smith@agriculture.arkansas.gov,

(3) Billy Black, 1 Natural Resources Drive, Little Rock, AR 72205, 501-219-6368, billy.black@agriculture.arkansas.gov

INTERROGATORY NO. 18: Please identify the name, address, telephone number, and email address of each public official with whom your Office, and all persons acting in concert with your Office, communicated about the preliminary injunction order entered in this action on December 9, 2024 (Dkt. No. 35), specifically to include all persons employed by, consulting with, or otherwise acting on behalf of the Arkansas Oil and Gas Commission, and the approximate date and time of each such communication.

RESPONSE: On or about December 2, 2024, Kesia Morrison emailed Ryan Hale asking to call. Ryan Hale called Kesia Morrison that same day. Kesia Morrison, 5301 Northshore Drive, North Little Rock, AR 72118, 501-682-0744 on December 2, 2024.

INTERROGATORY NO. 19: Please identify each person whom you will or may call as a

witness at the trial of this matter, state whether each will testify as a lay or expert witness, and detail the substance of each such person's expected testimony.

RESPONSE: Defendant Tim Griffin has not selected any lay or expert witnesses at this time. Defendant reserves the right to supplement this response.

INTERROGATORY NO. 20: For each person identified as an expert witness, please state the rate or amount each expert witness charges, the subject matter on which each is expected to testify, the substance of the facts and opinions to which each is expected to testify, and the grounds for each opinion or testimony you expect each to give.

RESPONSE: See response to Interrogatory No. 19.

INTERROGATORY NO. 21: Please list and describe each exhibit, including each document, photograph, tape recording, or video you intend to introduce, use as demonstrative evidence, publish, or may otherwise rely upon during the trial of this matter.

RESPONSE: Defendant Tim Griffin has not selected any trial exhibits at this time. Defendant reserves the right to supplement this response.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please produce each communication between your Office, and all persons acting in concert with your Office, and the Arkansas Department of Agriculture ("Department") and all persons acting in concert with the Department, in whatever form or medium, regarding, referring to, or relating to your Office's investigation of Jones Eagle for potential violation of Act 636 or Act 174, from January 1, 2022, through the date of service of your response to this request for production.

RESPONSE: Defendant objects to this request as it seeks information protected by attorney client privilege and attorney work product. It also requests communications subject to the deliberative process privilege and the investigative files privilege because the Jones Eagle

investigation is open (yet currently paused pursuant to this Court's preliminary injunction order) and no final determination has been made at this time regarding Jones Eagle's compliance with Act 636 and Act 174. Subject to and without waiving the foregoing objections, Defendant Tim Griffin produces the following:

- See attached documents

REQUEST FOR PRODUCTION NO. 2: Please produce all communications between your Office, and all persons acting in concert with your Office, and the Arkansas Department of Agriculture ("Department") and all persons acting in concert with the Department, in whatever form or medium, regarding each investigation of each legal person identified in your answer to Interrogatory No. 5, from January 1, 2022, through the date of service of your response to this request for production.

RESPONSE: Defendant objects to this request as it seeks information protected by attorney client privilege and attorney work product. It also requests communications subject to the deliberative process privilege and the investigative files privilege because the Jones Eagle investigation is open (yet currently paused pursuant to this Court's preliminary injunction order) and no final determination has been made at this time regarding Jones Eagle's compliance with Act 636 and Act 174. Subject to and without waiving the foregoing objections, Defendant Tim Griffin produces the following:

- See attached documents

REQUEST FOR PRODUCTION NO. 3: Please produce each communication between your Office, and all persons acting in concert with your Office, and the Arkansas Oil and Gas Commission ("Commission") and all persons acting in concert with the Commission, in whatever form or medium, regarding, referring to, or relating to your Office's investigation of Jones Eagle for potential violation of Act 636 or Act 174, from January 1, 2022, through the date of service of

your response to this request for production.

RESPONSE:

- See attached document

REQUEST FOR PRODUCTION NO. 4: Please produce each communication between your Office, and all persons acting in concert with your Office, and the Arkansas Oil and Gas Commission ("Commission") and all persons acting in concert with the Commission, in whatever form or medium, regarding, referring to, or relating to the consequences (or lack of consequences) of this Court's preliminary injunction order for the promulgation or substantive contents of regulations devised and promulgated by the Commission as "Rule K," from the date this action was filed through the date of service of your response to this request for production.

RESPONSE: See Response to Request for Production No. 3.

REQUEST FOR PRODUCTION NO. 5: Please produce all internal communications within the Arkansas Attorney General's Office, in whatever form or medium, regarding, referring to, or relating to your Office's investigation of Jones Eagle for potential violations of Act 636 and Act 174, from January 1, 2022, through the date of service of your response to this request for production.

RESPONSE: Defendant objects to this request because it requests information protected by attorney client privilege and attorney work product. It also requests communications subject to the deliberative process privilege and the investigative files privilege because the Jones Eagle investigation is open (yet currently paused pursuant to this Court's preliminary injunction order) and no final determination has been made at this time regarding Jones Eagle's compliance with Act 636 and Act 174.

REQUEST FOR PRODUCTION NO. 6: Please produce all internal communications within the Arkansas Attorney General's Office, in whatever form or medium, regarding, referring

to, or relating to your Office's investigation of potential violations of Act 636 and Act 174 by each legal person identified in your answer to Interrogatory No. 5, from January 1, 2022, through the date of service of your answers to these requests for production.

RESPONSE: Defendant objects to this request because it requests information protected by attorney client privilege and attorney work product. It also requests communications subject to the deliberative process privilege and the investigative files privilege because the Jones Eagle investigation is open (yet currently paused pursuant to this Court's preliminary injunction order) and no final determination has been made at this time regarding Jones Eagle's compliance with Act 636 and Act 174.

REQUEST FOR PRODUCTION NO. 7: For each entity described in Interrogatory No. 5, above, please produce all documents you have obtained demonstrating those entities' ownership information, which include the names of those individuals or entities holding an ownership interest in said entity.

RESPONSE: Defendant objects to this request to the extent that it is requesting documentation subject to a preexisting confidentiality agreement between Defendant and 4811 Zero Street, LLC. It also requests documentation subject to the investigative files privilege because the Jones Eagle investigation is open (yet currently paused pursuant to this Court's preliminary injunction order) and no final determination has been made at this time regarding Jones Eagle's compliance with Act 636 and Act 174. Subject to and without waiving the foregoing objections, Defendant Tim Griffin produces the following in response:

- See attached documents

REQUEST FOR PRODUCTION NO. 8: For all business entities holding an ownership interest in the entities described in Interrogatory No. 5, please produce documentation demonstrating those entities' ownership information as well, including the names of individuals or

entities holding an ownership interest in said entities.

RESPONSE: Defendant objects to this request to the extent that it is requesting documentation subject to a preexisting confidentiality agreement between Defendant and 4811 Zero Street, LLC. It also requests documentation subject to the investigative files privilege because the Jones Eagle investigation is open (yet currently paused pursuant to this Court's preliminary injunction order) and no final determination has been made at this time regarding Jones Eagle's compliance with Act 636 and Act 174. Subject to and without waiving the foregoing objections, Defendant Tim Griffin produces the following in response:

- See response to Request for Production No. 7.

REQUEST FOR PRODUCTION NO. 9: Please produce all complaints received by your Office regarding, referring to, or relating to Jones Eagle, LLC, from January 1, 2022, through the date of service of your response to this request for production.

RESPONSE: Our office received a formal complaint from the Department of Agriculture on December 11, 2023. Prior to this letter, our office received an informal complaint regarding Jones Eagle that was received via phone call and therefore Defendant Tim Griffin has no physical documentation to represent that communication. Consequently, Defendant Tim Griffin produces the following complaint received:

- See attached documents

REQUEST FOR PRODUCTION NO. 10: Please produce all complaints received by your Office regarding, referring to, or relating to 4811 S. Zero Street, LLC, from January 1, 2022, through the date of service of your response to this request for production.

RESPONSE:

- See attached document

REQUEST FOR PRODUCTION NO. 11: Please produce all complaints received by your

Office regarding, referring to, or relating to Risever Machinery LLC, from January 1, 2022, through the date of service of your response to this request for production.

RESPONSE:

- See attached document

REQUEST FOR PRODUCTION NO. 12: Please produce all complaints received by your Office regarding, referring to, or relating to all other subjects of investigations under Acts 636 and 174 besides those produced in your responses to Requests for Production 9, 10, and 11.

RESPONSE: Defendant Tim Griffin objects to this request to the extent that it requests information protected under the investigatory files privilege as it relates to open investigations. This privilege is meant to protect against premature disclosure of investigatory findings before the enforcement authority has decided whether to take action against an individual or entity. Doing so puts at risk those who gave the information, the reputation of businesses being investigated, and the integrity of the Attorney General's future investigations.

REQUEST FOR PRODUCTION NO. 13: Please produce each communication between you and each third-party, to include 4811 S. Zero Street, LLC and its representatives, regarding, referring to, or relating to your Office's investigation of 4811 S. Zero Street, LLC pursuant to Act 636.

RESPONSE: Defendant objects to this request because it requests information that is protected under the executed confidentiality agreement between the Attorney General's Office and 4811 Zero Street, LLC. Subject to and without waiving the foregoing objections, Defendant Tim Griffin produces the following:

- See attached documents

REQUEST FOR PRODUCTION NO. 14: Please produce each communication within your Office regarding, referring to, or relating to your office's investigation of 4811 S. Zero Street,

LLC pursuant to Act 636.

RESPONSE: Defendant objects to this request because it requests information protected by attorney client privilege and attorney work product.

REQUEST FOR PRODUCTION NO. 15: Please produce each confidentiality agreement entered between your Office and 4811 S. Zero Street, LLC to govern the exchange of materials exchanged as part of your Office's investigation of 4811 S. Zero Street, LLC pursuant to Act 636.

RESPONSE:

- See attached document

REQUEST FOR PRODUCTION NO. 16: Please produce each written communication issued by your Office, specifically to include any declination letter, resolving or communicating the determination not to take any action against 4811 S. Zero Street, LLC, at the conclusion of your Office's investigation of 4811 S. Zero Street, LLC pursuant to Act 636.

RESPONSE:

- See attached document

REQUEST FOR PRODUCTION NO. 17: Please produce each communication between you and each third-party, to include Risever Machinery LLC and its representatives, regarding, referring to, or relating to your Office's investigation of Risever Machinery LLC pursuant to Act 636.

RESPONSE:

- See attached documents

 REQUEST FOR PRODUCTION NO. 18: Please produce each communication within your Office regarding, referring to, or relating to your Office's investigation of Risever Machinery LLC pursuant to Act 636.

RESPONSE: Defendant objects to this request because it requests information protected

by attorney client privilege and attorney work product.

REQUEST FOR PRODUCTION NO. 19: Please produce each confidentiality agreement entered between your Office and Risever Machinery LLC to govern the exchange of materials exchanged as part of your Office's investigation of Risever Machinery LLC pursuant to Act 636.

RESPONSE: Our office did not enter into any confidentiality agreement with Risever Machinery LLC to govern the exchange of materials, and therefore Defendant Tim Griffin does not have any materials responsive to this request.

REQUEST FOR PRODUCTION NO. 20: Please produce each written communication issued by your Office, specifically to include any declination letter, resolving or communicating the determination not to take any action against Risever Machinery LLC, at the conclusion of your Office's investigation of Risever Machinery LLC pursuant to Act 636.

RESPONSE: See response to Request for Production No. 17.

REQUEST FOR PRODUCTION NO. 21: Please produce a copy of each settlement agreement, release agreement, or other contract or memorandum of understanding you reached or executed with Syngenta Seeds, LLC, as reflected by your Office's press release of November 9, 2023, entitled "Attorney General Griffin Collects $280,000 Fine Payment from Chinese State-Owned Syngenta Seeds, LLC."

RESPONSE: The Attorney General's Office did not enter into any settlement agreement, release agreement, or other contract or memorandum of understanding with Syngenta Seeds, LCC. Under Ark. Code Ann. § 2-3-111(b)(1), the Attorney General is required to "impose a civil penalty not to exceed twenty-five (25%) of the fair market value" of agriculture land for "failure to file a copy of the report with the Secretary of the Arkansas Department of Agriculture" as required under Arkansas law. Accordingly, the Attorney General assessed a $280,000 civil penalty against Syngenta Seeds, LLC on October 17, 2023, for failure to report its foreign ownership of

agricultural land to the Secretary of the Arkansas Department of Agriculture. That decision is memorialized in the document produced in response to this request.

REQUEST FOR PRODUCTION NO. 22: Please produce a copy of each settlement agreement, release agreement, or other contract or memorandum of understanding which you have reached or executed with each investigative target you have sought monetary payment from pursuant to any investigative activities conducted by your Office pursuant to Act 636 or Act 174.

RESPONSE: The Attorney General's Office has not entered into any settlement agreement, release agreement, or other contract or memorandum of understanding with any investigatory target, other than the confidentiality agreement provided in response to Request for Production No. 15.

REQUEST FOR PRODUCTION NO. 23: Please produce copies of all paperwork or other documentation, including enclosure or transmittal correspondence, in whatever form or medium, that was transmitted from the Arkansas Department of Agriculture to the Arkansas Attorney General's Office pertaining to Secretary Ward's referral of Jones Eagle for investigation under Act 636.

RESPONSE: Defendant Tim Griffin objects to this request to the extent that it seeks information subject to investigatory privilege. The investigation of Jones Eagle under Act 636 is open (albeit preliminarily enjoined) and the Attorney General's Office has a legitimate interest in this information remaining confidential until the Attorney General takes official action to determine Jones Eagle's compliance with Act 636. Subject to and without waiving the foregoing objection, Defendant Tim Griffin responds with the following:

- See attached document

REQUEST FOR PRODUCTION NO. 24: Please produce all documents within the possession, custody, or control of your Office, to include internal and external communications in

whatever form or medium, regarding, referring to, or relating to Jones Eagle.

RESPONSE: Defendant Tim Griffin objects to this request because it requests information subject to attorney client privilege and attorney work product. It also requests information protected under investigatory privilege because the investigation into Jones Eagle's compliance with Act 636 is not completed and the Attorney General's office has a substantial interest in that information remaining confidential until a final determination is made. Subject to and without waiving the foregoing objections, Defendant responds with the following:

- See response to Request for Production 25

REQUEST FOR PRODUCTION NO. 25: Please produce all documents within the possession, custody, or control of your Office, to include internal and external communications in whatever form or medium, regarding, referring to, or relating to Jones Eagle by its former name: Jones Digital, LLC.

RESPONSE: Defendant Tim Griffin objects to this request because it requests information subject to attorney client privilege and attorney work product. It also requests information protected under investigatory privilege because the investigation into Jones Eagle's compliance with Act 636 is not completed and the Attorney General's office has a substantial interest in that information remaining confidential until a final determination is made. Subject to and without waiving the foregoing objections, Defendant responds with the following:

- See attached documents

REQUEST FOR PRODUCTION NO. 26: Please produce all documents within the possession, custody, or control of your Office, to include internal and external communications in whatever form or medium, regarding, referring to, or relating to Qimin "Jimmy" Chen.

RESPONSE: Defendant Tim Griffin objects to this request because it requests information subject to attorney client privilege and attorney work product. It also requests information

protected under investigatory privilege because the investigation into Jones Eagle's compliance with Act 636 is not completed and the Attorney General's office has a substantial interest in that information remaining confidential until a final determination is made.

REQUEST FOR PRODUCTION NO. 27: Please produce all documents within the possession, custody, or control of your Office, to include internal and external communications in whatever form or medium, regarding, referring to, or relating to the civil action *Jones Digital LLC v. Arkansas County, Arkansas et al.*, U.S. District Court E.D. Ark. Case No. 2:23-CV-220-LPR.

RESPONSE: Defendant Tim Griffin objects to this request because it requests information subject to attorney client privilege and attorney work product. It also requests information protected under investigatory privilege because the investigation into Jones Eagle's compliance with Act 636 is not completed and the Attorney General's office has a substantial interest in that information remaining confidential until a final determination is made. Subject to and without waiving the foregoing objections, Defendant Tim Griffin produces the following:

- See attached documents

REQUEST FOR PRODUCTION NO. 28: Please produce all documents within the possession, custody, or control of your Office, to include internal and external communications in whatever form or medium, regarding, referring to, or relating to the subpoena duces tecum issued by Deputy Attorney General Alexandra C. Benton ("Deputy Attorney General Benton") to Sharp County Title, Inc. on February 28, 2024, which was entered into evidence as Plaintiff's Exhibit 45 at the preliminary injunction hearing held December 4, 2024.

RESPONSE: Defendant Tim Griffin objects to this request because it requests materials subject to attorney client privilege and attorney work product. It also requests information protected under investigatory privilege because the investigation into Jones Eagle's compliance with Act 636 is not completed and the Attorney General's office has a substantial interest in that

information remaining confidential until a final determination is made. Subject to and without waiving the foregoing objections, Defendant Tim Griffin produces the following:

- See attached documents

REQUEST FOR PRODUCTION NO. 31: Please produce all documents which your Office received in response to the subpoena duces tecum issued by Deputy Attorney General Alexandra C. Benton ("Deputy Attorney General Benton") to Sharp County Title, Inc. on February 28, 2024, which was entered into evidence as Plaintiff's Exhibit 45 at the preliminary injunction hearing held December 4, 2024.

RESPONSE: Defendant Tim Griffin objects to this request because it requests materials subject to attorney client privilege and attorney work product. It also requests information protected under investigatory privilege because the investigation into Jones Eagle's compliance with Act 636 is not completed and the Attorney General's office has a substantial interest in that information remaining confidential until a final determination is made.

REQUEST FOR PRODUCTION NO. 32: Please produce all documents which your Office received in response to each subpoena duces tecum identified in your answer to Interrogatory No. 16.

RESPONSE: Defendant Tim Griffin objects to this request because it requests information protected under investigatory privilege because the investigation into Jones Eagle's compliance with Act 636 is not completed and the Attorney General's office has a substantial interest in that information remaining confidential until a final determination is made. Jones Eagle was subpoenaed on September 10, 2024. However, Jones Eagle failed to respond to the subpoena as required by law. Accordingly, the Attorney General's Office filed an action in Baxter County Circuit Court to enforce the subpoena. Up to the date of these responses, Defendant's office has not received any files from Jones Eagle that are responsive to the subpoena.

**REQUEST FOR PRODUCTION NO. 33**: Please produce all communications between your Office and Arkansas Secretary of Agriculture Wes Ward regarding, referring to, or relating to Act 636 of 2023.

**RESPONSE:** Defendant Tim Griffin objects to this request because it requests information protected under the investigatory privilege as it relates to open investigations under Act 636. Subject to and not waiving the foregoing objections, Defendant Tim Griffin produces the following:

- See response to Request for Production No. 2 and No. 23.

**REQUEST FOR PRODUCTION NO. 34**: Please produce all communications between your Office and the Arkansas Oil and Gas Commission regarding, referring to, or relating to Act 174 of 2024.

**RESPONSE:** See response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 35**: Please produce all communications between your Office and the Arkansas Oil and Gas Commission regarding, referring to, or relating to Rule K, as devised and promulgated by the Arkansas Oil and Gas Commission.

**RESPONSE:** See response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 36**: Please produce a copy of each statement about this action or its subject matter which you attribute to Jones Eagle.

**RESPONSE:** Defendant Tim Griffin objects to this request because it is overbroad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. This request also seeks statements that are equally attainable to Jones Eagle, as it is requesting its own statements or statements otherwise publicly available.

**REQUEST FOR PRODUCTION NO. 37**: Please produce a copy of each exhibit identified

in your answer to Interrogatory No. 21 to the extent not otherwise produced in response to any preceding request for production.

RESPONSE: Defendant has not selected trial exhibits at this time and therefore has no documents to produce that are responsive to this request.

REQUEST FOR PRODUCTION NO. 38: Please produce a copy of all documents, materials, or other things which relate to compensation for any expert's study or testimony, identify facts or data that your attorneys have provided and that the expert relied on in forming the opinions to be expressed, or identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

RESPONSE: Defendant has not selected expert witnesses at this time and therefore has no documents to produce that are responsive to this request. Defendant reserves the right to supplement this response.

## CONCLUSION

Defendant reserves the right to supplement these responses as new information becomes available.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By: _____
Ryan Hale
Ark. Bar No. 2024310
Senior Assistant Attorney General

Jordan Broyles
Ark. Bar No. 2015156
Senior Assistant Attorney General

Madalyn Goolsby
Ark. Bar No. 2024283
Assistant Attorney General

Arkansas Attorney General's
Office 323 Center Street, Suite
200
Little Rock, AR 72201
(501) 295-7419
(501) 682-2591 fax
ryan.hale@arkansasag.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Ryan Hale, hereby certify that on September 29, 2025, I served the foregoing document

by email to the following CM/ECF participant:

Alex Jones
Alex.jones@kutakrock.com

Frederick Davis
Frederick.Davis@kutakrock.com

Ryan Hale