IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONES EAGLE, LLC** *f/k/a*                                                                                 **PLAINTIFF**
**JONES DIGITAL, LLC**

CASE NO.: 4:24-CV-00990-KGB

**WES WARD, et al.**                                                                                           **DEFENDANT**

<u>**BRIEF IN SUPPORT OF ATTORNEY GENERAL GRIFFIN'S
MOTION FOR CLARIFICATION AND RECONSIDERATION**</u>

### Introduction

Defendants are very limited in their form of relief that can be sought from a district court's discovery orders. *In re Bieter Co.*, 16 F.3d 929, 931 (8th Cir. 1994) ("Writ of mandamus is extraordinary writ and is not ordinarily available to a litigant to obtain appellate review of interlocutory discovery orders."). However, the Eighth Circuit has considered issuing mandamus relief when "a claim of attorney-client privilege has been raised in and rejected by a district court." *Id.* Generally, this would include the party presenting evidence that the district court's order is "clearly erroneous as a matter of law," "is an oft-repeated error, or manifests a persistent disregard of the federal rules." *Id.* at 932. In other words, we would have to demonstrate that "the district court clearly abused its discretion in compelling discovery over [our] assertion of privilege." *Id.* at 933. This would include if "a court clearly fails to apply the proper legal standard and issues an order that, if complied with, will result in irremediable harm." *Id.*

Before requesting mandamus relief in the Eighth Circuit, we find it pertinent to first request the Court clarify—and even reconsider—its order on the Attorney General's work-product materials. The Court's conclusions are based on erroneous application of the controlling law and also predicated on clearly erroneous facts. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414

1

(8th Cir. 1988) (internal quotation omitted) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

> I. **The Court's Finding of Implied Waiver of Opinion Work Product Privilege was a Clear Error of Law**

As the Court noted, the Eighth Circuit has adopted the test for determining whether documents are prepared in anticipation of litigation and therefore subject to work product privilege. ECF 91, at 13 (quoting *Diversified Indus., Inc. v. Meredith,* 572 F.2d 596, 604 (8th Cir.1977)). Attorney work product is further divided into opinion and ordinary work product. The Court cited this standard in its order:

> Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means. *See* Fed.R.Civ.P. 26(b)(3). In contrast, opinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud. *In re Murphy,* 560 F.2d 326, 336 (8th Cir.1977).

*Baker v. General Motors Corp.,* 209 F.3d 1051, 1054 (8th Cir. 2000). However, the Court goes on to say that Jones Eagle could "obtain these materials" if it demonstrates a "substantial need of the materials to prepare its case." ECF 91, at 14 (citing Fed. R. Civ. P. 26(b)(3)(A)). However, these two references to the controlling law are at odds. *Baker* demonstrates that opinion work product is not discoverable when a party demonstrates a substantial need under Rule 26(b)(3). In fact, the Court is tasked, "if [it] orders discovery of those materials" to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). This is due to the "absolute immunity" this Court acknowledges in the citation of *Baker*. ECF 91, at 12. Therefore, weighing Plaintiff's need for discovery against opinion work product is a clear error of law. Instead, as *Baker*

points out, revealing opinion work product requires a showing that the attorney had engaged in illegal conduct, fraud, or some other extraordinary circumstance—none of which were argued by Jones Eagle or found by this Court.

### A. Defendants Have Not Placed Attorney Opinions in Direct Issue

The Court goes on to say that opinion work product is discoverable "if a client places his attorney's opinions into direct issue." *Id.* at 14 (citing *Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, L.P.*, 210 F.R.D. 673, 677 (D. Minn. 2002)). The Court's characterization of this law is clear error. The Court in *Minnesota Specialty Crops*, specifically stated: "*In the context of expert witnesses*, the near absolute protection given by the courts to opinion work product must give way when a litigant puts his attorney's opinions into direct issue *by designating his attorney as an expert witness.*" *Minnesota Specialty Crops, Inc.*, 210 F.R.D. at 677 (emphasis added). This application of an "extraordinary circumstance" that would warrant disclosure of opinion work product is not present here, and Jones Eagle has not even argued that it is. Defendants have not made their attorneys expert witnesses and have not put the attorneys' opinions into direct issue as contemplated by these cases. *See Minnesota Speciality Crops, Inc.*, 210 F.R.D. at 677 (that attorney-work product was waived in a patent infringement claim where a party's defense was that they relied on their attorney's opinion). There is no attorney-reliance defense being raised in this case.

To argue standing as a defense is not to place an attorney's mental impressions at issue in this case. Defendants have never argued that the attorneys of the Arkansas Attorney General's Office had no personal intention to enforce the subpoena they sent to Jones Eagle. After Jones Eagle failed to respond by the stated deadline, Attorney General Griffin filed a subpoena enforcement action in state court on November 8, 2024. This is a matter of public record. Our argument—

consistent below and on appeal—has been that enforcing a subpoena for the production of documents does not constitute enforcement as contemplated by the case law. *Jones Eagle LLC v. Ward, et al.*, Case No. 25-1047 (Appellants' Brief, at 21-28).

There is no fact dispute about whether Defendants intended to enforce the subpoena, that is a matter of public record. Therefore, these legal arguments did not place an attorney opinion in dispute as contemplated by the cases cited by this Court, and to use these cases as a justification to broaden a Court's ability to circumvent the near absolute immunity of opinion work product is clear error of law. *See Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.,* 129 F.3d 143, 152 (D.C. Cir. 1997) (holding that work product privilege was waived by "[b]y claiming indemnification of attorney's fees . . . and offering the billing statements as evidence of the same" redacting portions of the billing statements "going to the reasonableness of the amount of the fee award"). Therefore, the cases that explore an extremely limited exception for the production of attorney work product are not applicable in this case, and our arguments concerning standing do not change that analysis.

### B.  Plaintiff Did Not Raise Implied Waiver in its Motion to Compel or at the Hearing

Further, the Court's reliance on "implied waiver" was improper because it was not raised by Jones Eagle in its briefing or at the hearing. Jones Eagle did not argue in its motion to compel that the Attorney General had waived its application of attorney work product. Instead, Jones Eagle exclusively argued that the entries on the privilege log were not "anticipation of litigation" and otherwise should be discoverable because Jones Eagle had an alleged substantial need for the information. ECF 75, at 15. The Court made no determination as to whether the materials constituted attorney work-product, in fact it would seem to be assumed by the discussion of waiver. *See* ECF 91, at 14 ("However, even the nearly absolute immunity of attorney-opinion work product

4

may be lost if a client places his attorney's opinions into direct issue."). Even so, the Court made no determination as to whether Jones Eagle had demonstrated substantial need but instead found that the Defendant had "impliedly waived" the near absolute immune opinion work product privilege. *Id.*

The district court thus violated the essence of "our adversarial system" by ignoring "the principle of party presentation." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). Under that principle, the district court was required to "rely on the parties to frame the issues for decision" and then act as a "neutral arbiter of matters the parties present." *Id.* (citation omitted). But the district court decided to stop "call[ing] balls and strikes" and take its own "turn at bat." *Clark v. Sweeney*, No. 25-52, 2025 WL 3260170, at *1 (U.S. Nov. 24, 2025) (citation omitted). That's not the courts' role and is reversible error. *See Sineneng-Smith*, 590 U.S. at 780 (vacating and remanding); *Clark*, 2025 WL 3260170, at *2 (same). Jones Eagle argued that it should be entitled to the work-product because of its need to counter Defendant's standing argument. The Court, on its own prerogative, decided that Jones Eagle need not meet their burden to demonstrate this because it had decided that Defendant's impliedly waived the privilege. The *sua sponte* raising of this issue meant that Defendant's never had an opportunity to respond or demonstrate why the extremely limited doctrine of waiver of opinion work product does not apply. This was not only a clear error of law, but it is especially egregious considering that the result is the irreversible dissemination of opinion-work product.

5

## II. The Court's Lack of Analysis of the Dates and Facts of the Opinion Work Product was a Clear Error of Fact

Even if the Court had conducted the proper analysis under the opinion work product privilege, the Court's reliance on clear errors of fact further demonstrates the need for reconsideration. Defendants provided the court with the operative privilege log and a batch of unredacted documents for in-camera review. The Court, with no individual analysis, ordered that all documents produced for in-camera review be unredacted. An individual analysis would have demonstrated why such an order was a clear error of fact.

The Court's entire basis (which we dispute as an error of law) for finding implied waiver (an argument not raised by Plaintiff) was that Defendant had placed Plaintiff's standing in dispute. Standing is determined at the lawsuit's commencement. *Harley v. Zoesch*, 413 F.3d 866, 872 (8th Cir. 2005). This requires that the Court and the parties consider "the facts as they existed at that time." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). This lawsuit was filed on November 13, 2024. Accordingly, emails that were withheld under attorney work product after the commencement of this litigation could not go toward any standing analysis. This would include OAG-ICR-4089 and 4097 that were ordered by the Court to be disclosed. The Court offers no reason why these emails, sent internally after the commencement of the litigation, would go toward standing based on facts that existed on November 13, 2024 and before.

Moreover, the Court makes no finding as to why the other emails, upon its unredacted review, go toward standing. The Court cites to our response to the motion to compel that argues that "the redacted portions of the communications that fall between November 4, 2024, and November 9, 2024 are discussing the logistics of filing the petition for contempt in state court after Jones Digital failed to respond to the subpoena." ECF 81, at 8. Defendants have never contested

6

that they initiated a state action to enforce the subpoena against Jones Eagle. This is not in controversy and Plaintiff has had no substantial hardship in obtaining this information. Rather, Defendant's position, as noted by the Court's somewhat surprising reference to our appellate briefing, is that "it is speculative, at best, whether Jones Eagle would be prosecuted upon production of the documents the subpoena demands." ECF 91, at 17 (quoting *Jones Eagle LLC v. Ward, et al*, Case No. 25-1047 (Def. Brief, at 27). It is not the decision to enforce the subpoena that is the question, but rather whether enforcement of the subpoena would result in a prosecution under Act 636 or Act 174. Therefore, the Court's ordered disclosure of OAG-ICR-4097, 4184, 4185, 4202, 4210, 4220, 4222, 4234–5, 4238, was based on a clearly erroneous factual determination that these emails went to standing because the argument the Court assigns to Defendants is inaccurate.[1]

Even if the Court determined that attorney mental impressions and work-product went toward the *decision* to file the enforcement of the subpoena (again something we have never put in dispute), several of the emails would still fall outside the operative dates for such a finding. Defendant Tim Griffin filed its state enforcement action of the subpoena on November 8, 2024. OAG-ICR-004097, OAG-ICR-004222-23, OAG-ICR-004234-35, OAG-ICR-004238 are all after or on the date of the filing, when the decision had already been made to file the action. Therefore, failure to consider these dates and whether they lend toward the discoverable information the Court seems to believe should be available is a clear error of fact.

---

[1] Further, the Court asks for "unredacted production" of documents that have already been produced in an unredacted format to Plaintiffs. *See* OAG-ICR-4098–100, 4186, 4203, 4237.

7

### III. Portions of the Order Need Clarification

In its order, the Court specifically posits that it "finds that Defendants have waived the *attorney-client privilege* as to these documents given the issues involved in this litigation, including but not limited to the issue of standing." Dkt. No. 91 at 17 (emphasis added). This is another error by the court given that these documents were not withheld under the attorney-client privilege and no analysis was done pursuant to attorney-client privilege. This distinction matters because waiver of attorney-client privilege is decided pursuant to an entirely different analysis and could have separate inclinations for Defendant Tim Griffin. We would ask that the Court clarify what it meant by the statement or whether it was inadvertent with an intent to refer to "attorney work product" rather than "attorney client privilege."

Further, as it relates to our compelled production, the Court has ordered us to comply on "Tuesday, February 4th." Today, is Tuesday, February 3rd and so we are unclear whether the Court intended for the date to be Tuesday (3rd) or Wednesday (4th). We would appreciate clarification on this deadline confusion.

### Conclusion

Accordingly, Defendant Tim Griffin requests that the Court either reconsider its motion to compel the documents withheld on the basis of attorney work product on the basis of the nuances explored above, or alternatively, requests that the Court clarify (1) how emails sent after the commencement of the litigation go toward standing disputes (2) how discussion surrounding the steps to be taken to enforce the statue court subpoena have placed mental impressions at issue when the fact of the subpoena has already been established, (3) what the Court means by producing unredacted versions of documents that have already been produced, (4) how the Court has found

implied waiver absent that argument being raised and absent applicable case law, (5) the expected date of the production ordered by the Court.

                                        Respectfully submitted,

                                        TIM GRIFFIN
                                        Attorney General

By:   Jordan Broyles, Ark. Bar No. 2015156
       Senior Assistant Attorney General
       Madalyn Goolsby, Ark. Bar No. 2024283
       Assistant Attorney General
       Ryan Hale, Ark. Bar No. 2024310
       Senior Assistant Attorney General

       Office of the Attorney General
       101 W. Capitol Ave.
       Little Rock, AR 72201
       (501) 295-7419
       (501) 682-2591 fax
       jordan.broyles@arkansasag.gov

       *Attorneys for Defendants*