**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JONES EAGLE LLC**                                                                                      **PLAINTIFF**

**v.**                                                    **Case No. 4:24-cv-00990-KGB**

**WES WARD, in his official capacity**
**as the Secretary of the Arkansas Department of Agriculture,** *et al.*          **DEFENDANTS**

## ORDER

On March 16, 2026, the Court conducted a hearing on three pending motions (*see* Dkt. No. 127). Plaintiff Jones Eagle, LLC and defendants Wes Ward, in his official capacity as the Secretary of the Arkansas Department of Agriculture, and Tim Griffin, in his official capacity as the Attorney General of Arkansas, ("Defendants") appeared through counsel.

Based on the parties' arguments and the Court's ruling with respect to Jones Eagle, LLC's motion to remove confidentiality designations from documents labeled OAG-004253 to OAG-004313 and request for expedited consideration and response (Dkt. No. 122), the Court directs the parties to confer regarding the list of names discussed during the under-seal hearing on these documents and to submit to the Court under seal a written status report, either jointly or separately, within 14 days of the March 16, 2026, hearing advising the Court on the positions of those individuals discussed. Pursuant to the Court's oral ruling, documents labeled OAG-004253 to OAG-004313 are to remain designated as confidential until the expiration of the 14 days and until the Court issues further order on potential redaction of the documents.

Based on the pending discovery motions and the parties' positions with respect to the pending trial date, the Court directs the parties to confer and, within seven days from the March 16, 2026, hearing, file with the Court a written status report, either jointly or separately, that informs the Court on a proposed plan for how discovery should be handled moving forward. The

Court conferred with all counsel on three potential options—proceeding with limited depositions, written discovery, and document production as agreed to by the parties or ordered by the Court; extending the deadline for discovery and permitting parties to pursue any discovery during that period; or no further discovery occurring—although the Court welcomes additional suggestions from the parties on how best to proceed under the circumstances.  The Court will enter an Order on the matter and scope of discovery, after receiving these status reports from the parties.

It is so ordered this 17th day of March, 2026.

Kristine G. Baker
Chief United States District Judge