**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JONES EAGLE, LLC *f/k/a***
**JONES DIGITAL, LLC** **PLAINTIFF**

**CASE NO.: 4:24-CV-00990-KGB**

**WES WARD, et al.** **DEFENDANTS**

**BRIEF IN SUPPORT OF ATTORNEY GENERAL GRIFFIN'S MOTION TO STRIKE JONES EAGLE'S UNAUTHORIZED SUR-REPLY (ECF 267)**

Jones Eagle has yet again reopened completed motion practice without leave. On August 27, 2026—nine days after the Attorney General filed his reply supporting the motion to strike Document 258, an unauthorized sur-reply—Jones Eagle filed Document 267 to "supplement" two other pending motions. Again, it did not seek leave or attempt to show good cause or excusable neglect.

Document 267 is another merits brief that advances new factual accusations, asserts new allegations of violations of Rules 26 and 37, and again seeks sanctions up to and including default judgment. This is not even close to limited supplementation. It is another round of briefing in violation of procedural and local rules.

The Court should strike or disregard Document 267 and require the parties to obtain leave before filing any further supplemental briefing. Moreover, to the extent that this Court seeks to accept or consider Document 267, the Attorney General requests leave to respond to the merits of the filing,[1] and fourteen (14) days to do so.

---

[1] The Attorney General has not responded to the merits of Document 267, and this filing should not be construed as an admission of any of the allegations or statements made in Document 267. If the Court chooses to accept this filing, the Attorney General seeks leave to respond to this sur-reply. *See infra* 5.

## BACKGROUND

Jones Eagle filed its Second Motion for Discovery Sanctions on February 18, 2026, ECF 102, and its Motion for Spoliation Findings on April 27, 2026, ECF 219. Months later, and after discovery closed, Jones Eagle filed Document 267 to "supplement" both motions.

This is the second such filing in less than a month. Jones Eagle filed its first unauthorized supplement on July 30. ECF 258. The Attorney General moved to strike it, ECF 260, and the parties completed briefing on August 18. ECF 261; ECF 262; ECF 265. That briefing specifically addressed Jones Eagle's repeated supplemental filings and requested a prospective leave requirement. ECF 265, at 2–3, 9.

While that motion remained pending, Jones Eagle filed Document 267 without leave. It relies on a newspaper article and a later FOIA response to accuse the Attorney General of withholding communications, violating a discovery order, and intentionally depriving Jones Eagle of evidence. ECF 267, at 1–5. Inherent in the motion is the complete admission that Jones Eagle has no knowledge whatsoever about whether any materials withheld under FOIA are even responsive to discovery.

## ARGUMENT

### I. DOCUMENT 267 IS AN UNAUTHORIZED SUR-REPLY.

Like Jones Eagle's Document 258, Document 267 is an unauthorized sur-reply and should be struck or disregarded by the Court. The arguments and authorities covered in Attorney General Griffin's motion to strike Document 258 (ECF 260), his supporting brief (ECF 261), and Reply (ECF 265) apply equally to this motion. To avoid repeating arguments already before the Court and to minimize the waste of party and court resources necessitated by Jones Eagle's repeated disregard

of the rules, the Attorney General incorporates by reference the procedural history, authorities, and arguments under Fed. R. Civ. P. 10(c). Those filings explain the Court's inherent authority to strike improper submissions, Local Rule 7.2's briefing procedure, the absence of a unilateral right to file a sur-reply or supplemental brief, and the governing good-cause and excusable-neglect standards.

The same reasoning applies here with greater force. Jones Eagle filed Document 267 while the first Motion to Strike remained pending and only nine days after the Attorney General's reply warned that Jones Eagle's serial supplements prevent motions from becoming final. ECF 265, at 9. Rather than seek leave, Jones Eagle repeated the conduct at issue.

Jones Eagle relies on Rule 26(e), but that rule does not authorize unilateral supplemental briefing. Simply continuing to allege discovery violations does not create a right to file successive briefs on motions that have already been submitted. If Jones Eagle actually believed later events warranted additional briefing, it could have moved for leave. It instead alleges a discovery violation to bypass Local Rule 7.2(b) and Rule 6(b). Nothing in the rules governing discovery allows for briefing to continue indefinitely.

Document 267 is plainly a merits brief, not a notice. It applies a new factual theory to numerous discovery requests, alleges violations of federal rules and a Court order, asserts an intent to deprive discoverable information, and asks for default judgment. ECF 267, at 3–5. The brief details Jones Eagle's position on a FOIA request and the application of exemptions. Importantly, absent from the brief is any information showing that any record concerns Jones Eagle, falls within a discovery request, was not produced, or made a discovery response incomplete.[2] Jones Eagle

---

[2] There is no indication that what was requested in FOIA from a different private individual even concerns Jones Eagle, and further, there is no indication that whatever responsive record exists would be responsive to Jones Eagle's

nevertheless treats a FOIA response as proof of discovery violations and intent, then demands default judgment. Those disputed inferences do not justify filing a "notice" without leave. This is simply continued briefing on a closed issue, cloaked with unsupported assumptions and accusations.

These repeated violations should be penalized, so Jones Eagle stops violating the rules and wasting court and party resources. Jones Eagle's practice of labeling something a "supplement" does not create a right to file it. Its failure to comply with the applicable rules warrants striking Document 267.

## II. DOCUMENT 267 CONSTITUTES A SECOND VIOLATION AND CONFIRMS THE PREJUDICE AND NEED FOR A LEAVE REQUIREMENT.

Document 267 is a second intentional violation of the rules and confirms the prejudice to the Attorney General. The good-cause and excusable-neglect analysis is incorporated from ECF 261 and 265. Fed. R. Civ. P. 10(c). With two clear examples of violations, court intervention is necessary.

Jones Eagle's second violation makes the results clearer. The decision to file without leave was entirely within its control; there is no scheduling order in place; the underlying motions had been pending for months; discovery was closed; and Document 267 seeks default judgment on new allegations that the Attorney General cannot answer as of right.

Requiring another response is itself the prejudice. Jones Eagle argued in opposing the first Motion to Strike that the Attorney General could just simply respond again. ECF 262, at 3, 9. That is not allowed under the rules. Document 267 now creates the same cycle. Each unilateral

---

discovery requests. Defendants reserve the right to develop this argument further in a response brief should the Court deny Defendants motion to strike.

supplement forces another response and invites another supplement. Under that approach, motions never become final, parties can continue to engage in harassing filings, and party and court resources continue to be wasted.

The Court should end that cycle. As the Eighth Circuit has explained, "[a]t some point, briefing and argument must end." *United States v. Williams*, 136 F.3d 547, 554 (8th Cir. 1998). Striking Document 267 enforces the rules and preserves legitimate supplementation without allowing serial motion practice.

## Conclusion

Document 267 repeats the conduct challenged in the pending Motion to Strike. It was filed without leave, advances new merits arguments, and seeks default judgment on a disputed post-discovery record. Nothing in Document 267 justifies or authorizes its filing, nor establishes the discovery violations Jones Eagle alleges.

The Attorney General respectfully requests that the Court strike Document 267 or direct that it will not be considered in resolving Jones Eagle's Second Motion for Discovery Sanctions (ECF 102) and Motion for Spoliation Findings (ECF 219). Alternatively, if the Court elects to consider Document 267 in full, the Attorney General respectfully requests permission to respond to Jones Eagle's new factual theories and arguments within fourteen (14) days after entry of the Court's order.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By: Jordan Broyles, Ark. Bar No. 2015156
Senior Assistant Attorney General

Madalyn Goolsby, Ark. Bar No. 2024283
Assistant Attorney General

Ryan Hale, Ark. Bar No. 2024310
Senior Assistant Attorney General

Office of the Attorney General
101 W. Capitol Ave
Little Rock, AR 72201
(501) 301-0169
(501) 682-2591 fax
jordan.broyles@arkansasag.gov
maddy.goolsby@arkansasag.gov
ryan.hale@arkansasag.gov

*Counsel for Defendants*